UTICA MOTOR CAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9086.    Promulgated February 17, 1928.

*C. R. Dewey*, *Esq.*, for the petitioner.
*J. Harry Byrne*, *Esq.*, for the respondent.

882

MURDOCK: The Commissioner denies that the two alleged partnerships were partnerships and contends that they were associations, within the meaning of section 1 of the Revenue Act of 1918, whose income he properly consolidated with the income of the corporation. We can not be certain of his reason for his action. He seems to deny the existence of the alleged partnerships, but it may be possible, though he has never so stated, that he merely denies that the partnerships are taxable as such under the Revenue Act and claims, on the contrary, that even though they are partnerships in New York, still they are taxable as associations on the authority of *Hecht* v. *Malley*, 265 U. S. 144, and *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110.

Two partnerships were undoubtedly formed, one on June 17, 1918, known as the Utica Motor Car Co., Used Car Department, and one on June 2, 1919, known as the Utica Motor Car Co., Wholesale Department.

The stock of the corporation was not owned by the same individuals in the same proportions as were the original interests in the partner-

ships. In addition, Henry F. Miller owned no stock in the corporation, but was a partner in the Utica Motor Car Co., Used Car Department, while Alice C. Miller owned stock, but was not a partner in either partnership. Alice O. Frisby, at one time a stockholder, was never a partner.

The Utica Motor Car Co., Wholesale Department, continued its existence without any change until the close of the taxable years before us. The Commissioner does not raise the question that even if it did exist it had no contract with the Cadillac Motor Car Co. until 1920, and therefore could not have earned any income in 1919. On the contrary, he concedes that certain net income should be attributed for each year to the organization known as the Utica Motor Car Co., Wholesale Department.

The original contributions of two of the partners in the Utica Motor Car Co., Used Car Department, were returned to them in 1918, shortly after the formation of the partnership, and the two men withdrew therefrom. It will be noted that this partnership was to continue for a period of three years, unless the agreement was terminated sooner, as therein provided. The agreement made no provision for such a withdrawal as actually took place. It is not necessary to decide whether or not this worked a dissolution of the partnership under the New York law. The evidence indicates that after these two men withdrew, the remaining members of the former partnership continued the business without any change except that the two who retired, of course, had no interest in the business thereafter. The remaining individuals acted at all times as if they were partners.

From the evidence we are convinced that they intended to carry on the business as partners and that there was, in fact, a partnership during both of the taxable years, whether, under the law of New York State, it was the old partnership continuing, or a new partnership created by the conduct of the parties taking the place of the old. Here again the Commissioner concedes that a certain net income for each year should be attributed to the organization known as the Utica Motor Car Co., Used Car Department.

The evidence indicates that these organizations were ordinary partnerships which did not more nearly resemble in form and effectiveness any other kind of organization, such as an association, included under section 1 of the Revenue Act of 1918, within the meaning of the term " corporation." Our decision must therefore be for the petitioner.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Rule 50.*