*1259 OPINION.
Morris:
The sole question raised by these proceedings is whether the petitioner was a partnership during the years in question. The respondent decided that it was taxable as a corporation. The petitioner in effect attempts to overcome the presumption of the correctness of the respondent’s determination in two ways: (1) The introduction of evidence from which the legal conclusion may be drawn that a partnership existed; (2) a showing that the legal effect of the continuance of the business after the expiration of the charter was that the business was operated as a partnership.
The petitioner concludes from the evidence introduced that a partnership agreement was entered into. We are unable to agree with this conclusion, however. The testimony indicates to our minds that the witnesses were drawing legal conclusions as to the effect of the expiration of the corporate charter, rather than giving us sufficient facts from which we, ourselves, could draw a conclusion. The record shows that there were several discussions in regard to the dissolution of the company, the trend of which was that said dissolution “ would make us have no charter and we figured therefore, we would be a co-partnership ; we figured ive were liable individually for the debts of the concern.” All of the testimony in relation to an agreement was of the same character, from which we are unable to find that a partnership agreement was actually entered into.
We were not given sufficient facts as to the operation of the business from which a partnership agreement could be implied. On the contrary, the record refutes such implication. The manner of conducting the business remained unchanged during the years in question. The corporate assets were not distributed to the shareholders nor were entries made on the books to their individual accounts; the same books of accounts, letterheads and method of business procedure were used without sending out a general notice to creditors showing that the business was being operated on a different basis; the capital stock of the old corporation remained outstanding and a portion thereof was pledged as security on a loan made by C. W. Thomas; and upon the organization of the Scott Valve Manufacturing Co. the assets were transferred directly from the old corporation to the new. There is no evidence that the partnership certificate required by the Michigan statute was filed by the petitioner. In the letter addressed *1260 to the collector by C. W. Thomas in connection with the 1919 return, it was stated:
It is our expectation to incorporate a company so soon as we can close up the books of the present corporation. According to the statutes we are allowed three years to do this. However, we anticipate doing so within the next thirty or sixty days.
Viewing the facts in the record in their most favorable light, we are of the opinion that they fall far short of establishing the existence of a partnership during the taxable years.
The petitioner contends that the powers of the corporation to do business ended with the term of its corporate existence and thereafter the assets of the corporation belong to the stockholders as tenants in common, and cites several cases wherein it was held that the relations of stockholders in an expired corporation are analogous to those of partners. Those cases, however, deal with a rule of property and not a rule of taxation and are not determinative of the issue before us. See B. F. Joel, 9 B. T. A. 1027. The Supreme Court of the United States in Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110, said:
The term partnership as used in these sections [218 (a) and 335 (c) of the Revenue Act of 1018] obviously refers only to ordinary partnerships * * *.
It is true that Congress can not convert into a corporation an organization which by the law of its state is deemed to be a partnership. But nothing in the constitution precludes Congress from taxing as a corporation an association which, although unincorporated, transacts its business as if it were incorporated. The power of Congress so to tax associations is not affected by the fact that, under the law of a particular state, the association can not hold title to property, or that its shareholders are individually liable for the association’s debts, or that it is not recognized as a legal entity.
It is one of the chief characteristics of the partnership relation that it is created only by the voluntary contract of the parties, and that as between the parties it does not arise in any case by operation of law. Persons can not become partners except by agreement, expressed or implied. Unable, as we are, to find that there was an express agreement, and that facts of record not evidencing an implied agreement, we can not find error in the respondent’s action in taxing the petitioner as a corporation during the taxable years in question.
The facts in the Sub Shoe Co., 2 B. T. A. 836, relied upon by the petitioner are clearly distinguishable from those in the instant case, and the principle therein laid down is accordingly not applicable.
Reviewed by the Board.

Judgment will be entered under Buie 50.