*1152 OPINION.
Marquette :
The question raised by this proceeding is, What were the nature and status of the three unincorporated banks known respectively as the Bank of Kampsville, Bank of Richwoods, and Bank of Brussels? The respondent has determined that they were associations and therefore taxable as corporations under the Revenue Act of 1918, and that they were affiliated. The. petitioner contends that they were in fact partnerships composed of Whiteside and the two Piersons, and that the net profits therefrom should have been taxed as income to the members of the partnership. The record is not clear as to the ground on which the respondent has asserted the tax against the petitioner.
We are satisfied from the evidence that the three institutions in question were partnerships. They had no legal existence separate and apart from Whiteside and the Piersons who created them. Whiteside and the Piersons conceived and organized the enterprises, furnished the capital therefor, and were liable for the losses, if any occurred, and they were clearly entitled t.o retain the profits if they had so desired. All the essentials of a partnership were present. The fact that they agreed among themselves to divide the accumulated earnings at the date o,f dissolution among the then stockholders of the Bank of Calhoun County is not, in our opinion, of material significance. If the stockholders of the Bank of Calhoun County ever acquired any enforceable interest in the profits of the three *1153 private banks it was not until after the profits had been earned. The petitioner’s contention that the three banks were partnerships must be sustained.
The courts have held, however, that a business organization may be a partnership under a state law and yet be taxable as an association under the Eevenue Acts of the United States. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110. We must therefore inquire whether the banks in question were associations within the meaning of the Eevenue Act of 1918. An association, as that word is used in the several revenue acts, has been defined as “ a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise ”. Crocker v. Malley, 249 U. S. 223; Hecht v. Malley, 265 U. S. 144; Max Wolf et al., 10 B. T. A. 835. The organization which .founded and conducted the Bank of Kampsville, Bank of Eichwoods, and Bank of Brussels, was of the simplest character and in no way resembled a corporate organization. No officers or directors were elected, no certificates or other evidences of ownership were issued, and there were, present none of the indicia of an asso-cation as defined by the Supreme Court. We are therefore of opinion that the three banks were not associations and were, therefore, not taxable as corporations.
From what we have said it follows that the Bank of Kampsville, Bank of Eichwoods, and Bank of Brussels were partnerships composed of Whiteside and the two Piersons; that they were not taxable as corporations, and that the net profits therefrom should have been reported as income by Whiteside and the Piersons according to their respective interests in the partnership. We are unable to perceive any liability on the part of the petitioner for the tax asserted herein.

Judgment will he entered for the petitioner.