ALFRED C. GOETHEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13273.  Promulgated February 5, 1929.

*Frank Hormuth, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

200

## OPINION.

TRUSSELL : In view of the decisions of the courts and of this Board, upon the first issue in the case at bar, it is deemed necessary only to point out that petitioner was organized on April 7, 1920, for the purpose of conducting a business; that it did so conduct a business and was an income-producing entity; that the beneficiaries were holders of negotiable shares of the par value of $100 each; that the shareholders held regular meetings and elected the trustees and in fact controlled the business which was conducted in the mode and form of a corporation. We are of the opinion that, for Federal income-tax purposes, petitioner was an association during the taxable years in question and as such was taxable as a corporation under the Revenue Acts of 1918, 1921, and 1924. See *Hecht* v. *Malley*, 265 U. S. 144; *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110; and *E. A. Landreth Co.*, 11 B. T. A. 1. As to the first issue, respondent's action is affirmed.

The second issue is with respect to allowable deductions on account of salaries of petitioner's officers and/or trustees during the three years involved. Respondent has admitted that petitioner is entitled to a salary deduction in the amount of $15,000 for the period April 7 to December 31, 1920, and we are of the opinion that that amount should be allowed as a reasonable amount for salaries. As to the years 1923 and 1924, the record discloses authorized salaries in the amount of $12,000, which amount should be allowed as a deduction in each of said years. The amount of the salary, if any, of the vice president for those two years does not appear in the record.

The last issue is with respect to the running of the statute of limitations against the making of an assessment for the period of April 7 to December 31, 1920. Petitioner filed its return for that period on March 12, 1921, and on November 21, 1925, it duly executed a valid waiver extending the time for making an assessment until December 31, 1926. Respondent mailed the 60-day deficiency notice on March 31, 1926, and petitioner filed its appeal therefrom to this Board on April 9, 1926. The filing of the appeal further extended the period within which the taxes in controversy may be assessed from the date of mailing of the deficiency notice until the date the Board's decision becomes final and for 60 days thereafter. See section 504 of the Revenue Act of 1928. The assessment of the deficiency, if any, for the period of April 7 to December 31, 1920, is not barred by the statute of limitations.

*Judgment will be entered pursuant to Rule 50.*