ARTHUR H. EARLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FOSTER B. EARLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF EUGENE V. EARLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19662–19664. Promulgated February 28, 1929.

*Philip Nichols, Esq.*, for the petitioners..
*R. H. Ritterbush, Esq.*, for the respondent.

670 .

OPINION.

PHILLIPS: It is the contention of the petitioners that in computing the deficiency the Commissioner committed the following errors:

(a) Refused to allow as a deduction from partnership gross income the amount expended to July 1, 1923, in the construction of the Columbus Avenue building.

(b) Overvalued the Columbus Avenue building and the land upon which the same was being built, as of July 1, 1923.

(c) Ascertained net income for said period without regard to the capitalization by the partnership of the net profits from the sale of the Clarendon Street property, the dissolution of the partnership by the death of Eugene V. Earle and the acceptance by his estate of capital stock in a corporation for the interest of such estate in the partnership assets.

(d) Ascertained net income for said period solely on the basis of strict operating income for said period.

The first two assignments of error were not urged at the hearing or in the brief filed by petitioner. There is no basis in the law for such a deduction as is claimed in (a) above and no showing that the computation of the Commissioner was based upon any valuation of the Columbus Avenue property, as asserted in (b). We find no reason for further discussing those assignments of error. On the other issues the respondent is sustained.

Section 218 of the Revenue Act of 1921 provides:

(a) That individuals carrying on a business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, * * *.
*      *      *      *      *      *      *
(c) The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 * * *.

Section 212 provides for the computation of the net income of individuals by including therein gross income as defined in section 213, less the deductions allowed by section 214.

It appears that the net income of the partnership for the calendar year 1923, computed in accordance with the provisions of the Revenue Act, was some $70,000, all of which had been earned prior to the death of Eugene V. Earle. The partnership was not only terminated in 1923 by the death of this partner, but its affairs were liquidated in that year by transferring all its assets to a corporation, which assumed all of the obligations and liabilities of the partnership. This transfer, however, was not of the nature which could give rise to a taxable gain or deductible loss. Section 202, Revenue Act of 1921. The taxable year of the partnership being the same as that of the partners, the liquidation having been accomplished within the year without gain or loss, and all of the profits of the year having been accrued and received by the partnership prior to its termination by the death of a partner, there are not here involved those questions which arise where the partnership and the individual partners have different accounting periods, where losses are sustained during the period of liquidation, or where liquidation is not completed within the taxable year.

The argument of counsel for the petitioners proceeds upon the basis that death dissolves the partnership, whereupon all the assets become capital and that no income is realized until the partners receive, in liquidation, an amount in excess of their investment. Further, it is contended that no partner had an interest, distributive or otherwise, in the income of the partnership until the capital of each partner was returned and that under the state law no income could be distributed until the capital had been returned.

These contentions do not, we believe, give sufficient consideration to the annual character of the income tax. In one sense, the income to be derived from a business may not be determined until that business is liquidated. Gains in one period may be offset by losses in another. But the imposition of taxes can not await the ultimate winding up of a business. Income is measured year by year and a tax imposed upon the gains which have arisen from the transactions of that year. At the close of the year conditions may be such as would justify everyone in concluding that the gains of the year will be wiped out by transactions entered into but not consummated before the close of the year being considered, but such a situation has no effect in determining the income of the year. In the instant case the partnership showed a profit from its operations of the year. This income is taxable to the partners. At the close of the year this profit was represented in the hands of the partners by stock in the successor corporation. It may have appeared that this stock was of small value

672

and that the profit which it represented would be wiped out in the new venture which had been undertaken by the partnership and continued by the corporation, but as this venture was not closed out in the year, it can not be considered in computing the taxable income of either the partnership or the partners. When and if a loss is sustained on the stock, the partners will be entitled to deduct their loss.

It is said that all of the assets were subject to the payment of debts and capital investment and until these were returned the partners were entitled to receive nothing as profits. We do not understand that the law taxes the amount which partners are entitled to withdraw from the assets of the partnership. It taxes their proportionate part of the partnership income computed according to the statute. The partnership may have nontaxable income, nondeductible payments, unrealized appreciation, or depreciation in assets which would make the income which a partner may withdraw different from that on which he must pay tax. The partner is still taxable upon his proportion of the net income of the partnership. The partnership is not subject to tax, but its income, computed in the manner prescribed by law, is taxable to the individuals who comprise the partnership. If this view be correct, it is immaterial that what is income to the partnership may not be distributed to the individuals because held with other partnership assets to meet future losses or because the partnership is in liquidation. Losses, whether they take place while the partnership is in active existence or is in liquidation, are accounted for, in the same manner as profits, in the year in which the loss occurs. In our opinion there is no ground for the contention that a gain realized by the partnership is not subject to tax because the partnership terminates within the year.

It is said that the state law makes all assets capital. That the state law is not controlling in the taxation of income is evidenced by the decisions of the Supreme Court in *United States* v. *Robbins*, 269 U. S. 315, and *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110. We need not consider the extent to which the state law is to be applied. It is sufficient to point out that the partnership did receive taxable income within the year and that it was within the power of Congress to tax such income to the partners as individuals. *Irwin* v. *Gavit*, 268 U. S. 161.

Reviewed by the Board.

*Decision will be entered for the respondent.*

TRAMMELL and SIEFKIN dissent.