WALDEN KNIFE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12977, 26163. Promulgated November 5, 1929.

*H. Stanley Hinrichs, Esq.,* for the petitioner.
*Leroy Jones, Esq.,* for the respondent.

## OPINION.

TRUSSELL: The only issue presented is whether petitioner was affiliated in 1921 and 1922 with the Associated Simmons Hardware Companies and in 1923 with the Winchester Repeating Arms Co. under section 240 (c) of the Revenue Act of 1921. It filed consolidated returns with the two organizations mentioned in those years and the deficiencies to the extent here appealed from arise from the disallowance by respondent of the claim of affiliation and the computation in consequence of petitioner's tax liability for each year on the basis of a separate return.

The record herein shows that the Associated Simmons Hardware Companies is a Massachusetts trust, organized for the purpose of deriving a profit for its shareholders through the ownership, control and use of the trust estate, which consisted of stock in various companies and certain trade-marks and trade-names. In the case of certain of these companies all of their outstanding stock was owned by Simmons, and others it controlled by majority stock ownership. Some of these companies were engaged in manufacture and some in distribution and sale, and all were actively controlled, man-

aged, directed and operated by Simmons. The owned and controlled manufacturing companies made their products under the trade names owned by Simmons and the latter took those at prices which it fixed and marketed them to the trade through these subsidiary companies engaged in sale and distribution. Its income, which the trustees distributed to its shareholders, was not limited to the dividends received upon the stock which it owned in these subsidiary corporations.

Section 2 of the Revenue Act of 1921 provides that when used in such Act:

The term "corporation" includes associations, joint-stock companies and insurance companies.

By section 240 (c) of that Act it is provided:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

In *Hecht* v. *Malley*, 265 U. S. 144, the court defined a "Massachusetts trust" as:

A form of business organization, common in that state consisting essentially of an arrangement whereby property is conveyed to trustees, in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from time to time be the holders of transferrable certificates issued by the trustees showing the shares into which the beneficial interest in the property is divided.

It was held that such organizations, holding and managing the trust property in business operations were "associations" within the meaning of section 1 of the Revenue Act of 1918, which defines corporations in similar language to section 2 of the Revenue Act of 1921 above quoted. See also *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110; *Max Wolf et al., Trustees*, 10 B. T. A. 835; *E. A. Landreth*, 11 B. T. A. 1; *Wilson Syndicate Trust*, 14 B. T. A. 508. The proof as to the organization, purposes and activities of Simmons during the taxable years before us shows, in our opinion, beyond question that it was engaged actively in carrying on business and was under the rule laid down in *Hecht* v. *Malley, supra*, and followed in the cited cases, an association within the meaning of section 2 of the Revenue Act of 1921, subject to classification as a corporation for purposes of that Act and consequently subject to affiliation under section 240 (c) of such Act if all requisites of ownership or control of stock required thereby are met.

On this question the record shows that during the taxable years here involved 70 per cent of petitioner's stock was owned by Simmons and that this organization also held an option on the 30 per

cent minority stock which it could exercise at any time. It is further shown that all of this minority stock with the exception of 100 shares was owned by an individual who for many years, including the taxable years before us, had served as a director of petitioner, occupying such position wholly at the sufference of such majority stockholder, his election being controlled and brought about by the majority stock. It is further shown that under an arrangement in effect for many years including the years in question, and agreed to without dissent by the two minority stockholders, petitioner's entire business was completely controlled and directed by Simmons, its product being all produced under and stamped with the trade-marks belonging to that organization and the latter fixing a price upon such product and taking itself practically all of it, petitioner's sales organization having been abolished long before, because of such condition, and that Simmons during this period guaranteed earnings to petitioner of 150 per cent upon its capital stock and took for itself all earnings in excess of this amount.

The picture presented by these proven facts is one of absolute control of petitioner's business by the organization with which it claims affiliation, economic dependence by petitioner upon the continued existence of such control, and ownership of 70 per cent of its stock by such organization with the power existing to make, at any time, that ownership absolute and complete.

We have on several occasions approved and reannounced the rule, laid down by us in *Isse Koch & Co.*, 1 B. T. A. 624, that each case of affiliation must be determined upon the particular facts presented. In the case before us it may be that none of the several conditions proven, existing alone, would show control of the minority stock by the majority interests, but when all of these conditions exist it is thought idle to say that the minority stock was not controlled, when to vote it against the wishes of the majority would not only have no effect on the result, but could result, at the option of the majority, not only in the loss by Whitehead of his voice in the management of the company, nominal though it might be, but the surrender by him and by Andrews of all connection with petitioner, even as stockholders. Cf. *Isse Koch & Co., supra; Richfield Oil Co.*, 13 B. T. A. 1050.

We hold that petitioner was affiliated with and entitled to file consolidated returns with the Associated Simmons Hardware Companies for the calendar years 1921 and 1922 and with the Winchester Repeating Arms Co. for the calendar year 1923.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*