JAMES CARSTAIRS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34513. Promulgated July 22, 1930.

*Albert S. Lisenby, Esq.*, for the petitioner.
*F. Shearer, Esq.*, for the respondent.

OPINION.

SMITH: In this proceeding the petitioner contends (1) that he sustained a deductible loss of $12,858.69 in 1924 as a result of the sale of a membership in the New York Stock Exchange in that year; (2) that if the Board should hold that no deductible loss was sustained in 1924 as a result of the transaction in question, then the petitioner realized neither gain nor loss, a capital transaction being involved.

With respect to the first contention, it is submitted that it was necessary for the petitioner to have a record membership in the New York Stock Exchange in 1923 and 1924, in order to save to himself and his partnership the commissions which otherwise would go to other brokers; that the so-called Purviance membership, of which the petitioner was the real owner, was not available to him for transacting business on the New York Stock Exchange; that " * * * on account of the whole transaction, the petitioner was compelled, by the nature of his and his firm's business and the circumstances under which his membership was withheld from his use, to suffer an actual loss of the difference between $94,000, expended in 1923, and $81,141.31, recouped in 1924."

The basis of the second contention is that the New York Stock Exchange is a partnership and that originally the petitioner acquired an interest in the partnership for which he paid $76,000; that in 1923 he acquired a further like interest in the partnership for $94,000; that the cost of his total interest in the partnership immediately prior to the sale of the Purviance membership in 1924 was $170,000; that in 1924 he sold a part of his interest in the partnership for $81,141.31, leaving the cost of the remainder interest, $88,858.69; that the transaction in 1924 was a capital transaction and that no gain or loss can be computed in respect to his interest in the New York Stock Exchange until the petitioner sells or otherwise disposes of his remaining interest in the exchange.

The two contentions are closely interrelated and for convenience of discussion the second contention will be considered first.

It is submitted that the New York Stock Exchange is an unincorporated association of brokers located in New York City; but, unlike a corporation, is not a legal entity and has no independent existence apart from its members (5 C. J. 1334, notes 19 and 20); that an association is therefore more like a partnership than a corporation in respect of the rights of its members, the property of the association being vested in the members jointly (5 C. J. 1359, notes 55, 56, and 57).

Although the members of the New York Stock Exchange may under some circumstances be subjected to partnership liability, we think that that fact has no bearing upon the present proceeding. Under the income-tax laws an association is classed as a corporation (Sec. 2, Revenue Act of 1924). A person acquiring a membership therein acquires certain rights which can not be enlarged by the purchase of more than one membership. This is admitted by counsel for the petitioner. A person may not own more than one membership of record in the exchange. In an affidavit made a part of the stipulation the petitioner stated as follows:

If, at the time that the executors of Wynne Purviance notified me [summer of 1924].that they then recognized my right to the so-called Purviance membership in the New York Stock Exchange and were willing to turn the same over to me, I had undertaken to cause the so-called Purviance membership to be transferred to me, I would have been required first to find a purchaser for, and dispose of, the membership recorded in my name on the New York Stock Exchange records, inasmuch as that exchange, under its rules, will not record a membership twice in one person's name, and further, I would have been required by the exchange to pay an initiation fee of $4,000 before the transfer from the Purviance estate, which course would involve a further loss to me, and to the firm of which I was a member, in that, under the rules of practice of the exchange, pending the completion of the recording of a change of the name of the membership—a proceeding that would have taken from two to four weeks—neither the party out of whose name the membership is being changed nor the party into whose name it is being entered may exercise the privileges or enjoy the benefits of membership.

Upon the entire record we are of the opinion that the investment of the petitioner of $76,000 in the Purviance membership is separate and distinct from his investment in the membership acquired by him in 1923. In the acquisition of a membership or seat in or on the New York Stock Exchange the petitioner acquired a particular asset. He did not make an investment in an ordinary partnership. *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110. From the standpoint of computing a gain or loss upon the sale of a membership in the New York Stock Exchange we are of the opinion that the same rules apply as those pertaining to the purchase and sale of shares of stock in a corporation.

The evidence of record shows that the petitioner did not in 1924 dispose of his membership in the New York Stock Exchange acquired in 1923 at a cost of $94,000. He still held that asset at the close of 1924. He sustained no loss in respect of that membership. Furthermore, we are of the opinion that in ordinary circumstances a taxpayer does not sustain a loss or gain in respect of the purchase of an asset. The taxing statute provides for the computation of the gain or loss upon the sale or disposition of a capital asset. When the petitioner disposes of his membership in the New York Stock Ex-

change the basis for the computation of the gain or loss under the Revenue Acts of 1921, 1924, and 1928 will be $94,000, the cost of that membership to him in 1923.

In 1924 the petitioner disposed of his equitable title to the so-called Purviance membership, receiving therefor $81,141.31. This membership cost the petitioner, prior to 1922, $76,000. The difference between these two amounts constitutes a gain realized by the petitioner in 1924 from the sale of the so-called Purviance membership.

As per the stipulation of the parties, the profit of $5,141.31 is taxable as a capital gain.

*Judgment will be entered under Rule 50.*

