*601 OPINION.
Black :
The respondent contends that the petitioner involved in this proceeding is an association within the meaning of section 2 (a) (2) of the Revenue Acts of 1924 and 1926, which are identical, and should be taxed as such.
The respondent stated his grounds for such contention in the deficiency letter as follows:
The evidence on file in this office shows that this trust was organized for the purpose of acquiring, operating, and selling real estate for profit and gain, and that the trustees have adopted a quasi-corporate form of thus engaging in business; that in pursuance of such a plan, the control and management of the property were placed exclusively in the trustees and that the trustees in administering the affairs of the trust perform substantially the same duties as corporate directors. The trust has a fixed capital, divided into shares which are evidenced by receipts and which may be transferred. The trust may continue as an organized body, irrespective of any changes in the personnel of its trustees or beneficiaries, for a definitely ascertainable period of time.
*602 It is, therefore, held by this office that this trust is an association for income-tax purposes and that, as such, it is subject to taxation as a corporation. Articles 1502 and 1504, Regulations 69; General Counsel’s Memorandum 715, Cumulative Bulletin V-2, page 7.
To this holding of respondent petitioner excepts and alleges as error that the Commissioner erred in holding that the trust was an association for tax purposes and taxable as a corporation.
We think the evidence brings the petitioner within the class of associations .provided for in the statute and recognized in Hecht v. Malley, 265 U. S. 144; and Burk-Waggoner Oil Assn. v. Hopkins, 269 U. S. 110. We find great similarity between this case and Lansdowne Realty Trust et al., 20 B. T. A. 119, decided by this Board on June 24, 1930, in which we said:
This group was not merely passively holding property and collecting income therefrom. It was engaged in maintaining and renting a building which it owned, being thus similar to the Hecht Real Estate Trust. That this was done through agents who tools the burden of the activities makes it none the less the conduct of the group through their trustees; especially since the agents were themselves the principal trustees and beneficiaries. Nor can it be said that they were merely collecting rents during an interim before final disposition, for they were actively seeking tenants and making and renewing leases, and Coffin testified that he, a trustee, beneficiary and agent, had never considered selling the property. The trust instrument provided for little or no control by the beneficiaries and no meetings of trustees or beneficiaries were held; but these facts have little importance when it is remembered that the majority of the beneficial holders were themselves trustees and thus in control, and formal meetings were entirely unnecessary.
. On account of. the period involved, this proceeding does not fall within the purview of section 704 (a) of the Revenue Act of 1928. It was undoubtedly the intention of Congress, in passing section 704 (a) of the Revenue Act of 1928, to give relief to trusts which prior to the decision of the United States Supreme Court in Hecht v. Malley, supra, had filed returns as trusts. It was also the evident intent of Congress, from the date of that decision, if they functioned as an association, to tax them as such. See also J. W. Pritchett et al., 17 B. T. A. 1056.
Reviewed by the Board.
Yan Fossan dissents.

Judgment will Toe entered under Rule 50.