## McCAULEY et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5925.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1930.

Arthur V. Wright, of San Antonio, Tex., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., S. Dee Hanson and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C. (Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which upheld assessments for income taxes for the year 1922, made by the Commissioner of Internal Revenue. The petitioners are husband and wife living in Texas, and, as under the community laws of that state each had a half interest in the property out of which the income was earned, each was separately assessed for half of the income tax, but, as the questions involved were the same, their appeals to the Board were consolidated. The question involved here is whether an agreement between petitioners, dated December 25, 1918, operated to create a trust under which petitioners and their two minor children each held a fourth interest in the oil, gas, and other minerals under land the title to which was reserved in petitioner Claud McCauley.

The agreement appears in the opinion of the Board. 17 B. T. A. 886. It is enough to say of it here that it recites that the land is being developed for oil and gas, and reserves the right to petitioners to dispose of the minerals "under said lands at any time and at any price which may by them be deemed best just as though this contract had never been made," the portions of the two children to be kept invested and controlled by Claud McCauley until the younger child, who was then fifteen years of age, should become twenty-one years old, after which the share which each owned should be turned over to him. Petitioners reserved the right to change their agreement in whole or in part at any time before the younger child should become of age. Prior to the execution of this agreement by petitioners, the lands were subject

to oil and gas leases executed by petitioner Claud McCauley.

The evident purpose of the agreement was to split up anticipated future income into four parts, and thereby make the income tax less than it would be if only petitioners had to pay it. We are of opinion that petitioners, by reserving to themselves the power to sell the minerals and to revoke their agreement at will, failed to accomplish their purpose. The younger child had not become of age so as to make the agreement irrevocable at the time the taxes involved were assessable. The provision that the father would account to the children for their shares of the income when the younger reached his majority was not an enforceable one, since petitioners could nullify it at any time by revoking the entire agreement. But it is argued on behalf of petitioners that the power of revocation is no objection to a valid trust, and, since it was not exercised, the agreement at the time of the assessment was in full force and effect. The power of revocation was in existence at the time the tax became due, and its effect is to be determined by the taxing statute enacted by Congress and not by general rules of law adopted by state statutes or decisions relating to trust agreements and their revocation. Burk-Waggoner Association v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. The taxes here involved were assessed under section 219 of the Revenue Act of 1921, which provides that an income tax shall apply to the income "of any kind of property held in trust," including income held for future distribution. 42 Stat. 246.

An owner of property is liable for the income which the property earns, and the tax cannot be escaped by anticipatory arrangement or contract. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731. Under the Revenue Act of 1913 a trustee was not required to pay a tax upon income derived from trust property, but the Revenue Act of 1916 treated a trustee as a taxable person. Merchants' Loan & Trust Co., Trustee, v. Smietanka, 255 U. S. 509, 516, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305.

In Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 337, 74 L. Ed. 916, the Supreme Court said: "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

It is true that decision is under the Revenue Act of 1924 §§ 219(g), (h), 26 USCA § 960 note, which provided in terms that the grantor of a trust who reserved the power to revest in himself title to any part of the corpus of the trust should be liable for the tax. But that Revenue Act, as it appears to us from its history, was merely declaratory of existing law, and the language quoted is therefore applicable to the facts of this case.

The petition for review is denied.