## BURK-WAGGONER OIL ASSOCIATION *v.* HOPKINS, COLLECTOR.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 67.　Argued October 20, 21, 1925.—Decided November 16, 1925.

1. Unincorporated joint stock associations, like those described in *Hecht* v. *Malley*, 265 U. S. 144, though partnerships under the state law, are " corporations," within the definition of the Revenue Act of 1918, and are subject, like corporations, to the income and excess profits taxes imposed by that Act.　P. 112.
2. Congress has power to tax the income earned through and in the name of such an association unaffected by the facts that, under the state law, the association is not recognized as a legal entity, can not hold title to property and its shareholders are liable for its debts.　P. 114.

296 Fed. 492, affirmed.

ERROR to a judgment of the District Court in an action against an internal revenue collector to recover a tax, paid under protest.

*Messrs. Harry C. Weeks* and *Arnold R. Baar*, for the plaintiff in error.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for the defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Burk-Waggoner Oil Association is an unincorporated joint stock association like those described in *Hecht* v. *Malley*, 265 U. S. 144.　It was organized in Texas and

carried on its business there.   Under the Revenue Act of
1918, Act of February 24, 1919, c. 18, 40 Stat. 1057, it
was assessed as a corporation the sum of $561,279.20 for
income and excess profits taxes for the year 1919.   It paid
the tax under protest in quarterly instalments, and after
appropriate proceedings brought this suit in the federal
district court for northern Texas against the Collector of
Internal Revenue to recover one of the instalments.   The
Association asserted that it was a partnership; contended
that under the Act no partnership was taxable as such;
and claimed that if the Act be construed as authorizing
the taxation of a partnership as a corporation, or the taxa-
tion of the group for the distributive share of the in-
dividual members, it violated the Federal Constitution.
The District Court entered judgment for the defendant,
296 Fed. 492.   The case is here under § 238 of the Judicial
Code, on direct writ of error allowed and filed April 21,
1924.   Compare *Towne* v. *Eisner,* 245 U. S. 418, 425.

The Revenue Act of 1918, §§ 210, 211, 218a, 224, 335(c),
provides in terms that individuals carrying on business in
partnership shall be liable for income tax only in their
individual capacity, and that the members of partnerships
are taxable upon their distributive shares of the partner-
ship income, whether distributed or not.   It subjects cor-
porations to income and excess profits taxes different from
those imposed upon individuals.   See §§ 210–213, and
§§ 230, 300.   It provides in § 1: "That when used in
this Act—  .  .  The term 'corporation' includes as-
sociations, joint-stock companies, and insurance com-
panies."   By the common law of Texas a partnership is
not an entity, *Glasscock* v. *Price,* 92 Tex. 271; *McManus*
v. *Cash & Luckel,* 101 Tex. 261; an association like
the plaintiff is a partnership; its shareholders are indi-
vidually liable for its debts as members of a partnership,
*Thompson* v. *Schmitt,* 115 Tex. —; *Victor Refining Co.*
v. *City National Bank of Commerce,* 115 Tex. —; and

the association can not hold real property except through a trustee, *Edwards* v. *Old Settlers' Association* (Tex. Civ. App.), 166 S. W. 423, 426. A Texas statute provides that such associations may sue and be sued in their own name. Act of April 18, 1907, c. 128, Vernon's Sayles' Texas Civil Statutes, 1914, Title 102, c. 2, Arts. 6149–6154. Since the writ of error was allowed, this Court has held in *Hecht* v. *Malley* that associations like the plaintiff are, by virtue of § 1, subject to the special excise tax imposed by the Revenue Law of 1918 on every "domestic corporation."

The Burk-Waggoner Association contends that what is called its property and income were in law the property and income of its members; that ownership, receipt and segregation are essential elements of income which Congress cannot affect; that consequently income can be taxed by Congress without apportionment only to the owner thereof; that the income of an enterprise when considered in its relation to all others than the owners is not income within the purview of the Sixteenth Amendment; and that thus what is called the income of the Association can be taxed only to the partners upon their undistributed shares of the partnership profits; for otherwise such a distribution would neither enrich, nor segregate anything to the separate use of, a partner. The Association further contends that, while Congress may classify all recipients of income upon any reasonable basis for the purpose of imposing income taxes at different rates, or for other purposes connected with the levying and collection of such taxes, it cannot tax the income of the Association; for that would make out of a business group, whose property under the law of the State is owned by the members individually, an entity capable of owning property and receiving income; that to attempt this would constitute not classification but an unlawful invasion of the State's exclusive power to regulate the ownership of property with-

in its borders; that, on the other hand, if the tax be considered as one imposed upon the members and collected from the group, it would likewise be void, both because it is a direct tax not imposed upon income and not apportioned among the States, and because it is so arbitrary and variable in its rates and application as to conflict with the due process clause. The Association contends finally that there is a conflict between the specific provisions of the Revenue Act of 1918 for the taxation of partnership income to the members only and the definition of the term " corporation ". in § 1; and that the grave constitutional doubts which necessarily arise, if the Act be construed as attempting to impose the corporation income tax upon associations which by the laws of the State are partnerships, present a compelling reason for construing the Act as not subjecting the Association's income to the taxes imposed upon corporations. Compare *United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 407.

There is no room for applying the rule of construction urged in aid of constitutionality. It is clear that Congress intended to subject such joint stock associations to the income and excess profits taxes as well as to the capital stock tax. The definition given to the term " corporation " in § 1 applies to the entire Act. The language of the section presents no ambiguity. Nor is there any inconsistency between that section and §§ 218(a) and 335(c), which refer specifically to the taxation of partnerships. The term partnership as used in these sections obviously refers only to ordinary partnerships. Unincorporated joint stock associations, although technically partnerships under the law of many States, are not in common parlance referred to as such. They have usually a fixed capital stock divided into shares represented by certificates transferrable only upon the books of the company, manage their affairs by a board of directors and exec-

utive officers, and conduct their business in the general form and mode of procedure of a corporation. Because of this resemblance in form and effectiveness, these business organizations are subjected by the Act to these taxes as corporations.

The claim that the Act, if so construed, violates the Constitution is also unsound. It is true that Congress cannot make a thing income which is not so in fact. But the thing to which the tax was here applied is confessedly income earned in the name of the Association. It is true that Congress cannot convert into a corporation an organization which by the law of its State is deemed to be a partnership. But nothing in the Constitution precludes Congress from taxing as a corporation an association which, although unincorporated, transacts its business as if it were incorporated. The power of Congress so to tax associations is not affected by the fact that, under the law of a particular State, the association cannot hold title to property, or that its shareholders are individually liable for the association's debts, or that it is not recognized as a legal entity. Neither the conception of unincorporated associations prevailing under the local law, nor the relation under that law of the association to its shareholders, nor their relation to each other and to outsiders, is of legal significance as bearing upon the power of Congress to determine how and at what rate the income of the joint enterprise shall be taxed.

*Affirmed.*