ALEXANDER TRUST PROPERTY, DAVID S. LANSDEN, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6980. Promulgated July 9, 1928.

*David S. Lansden, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

SIEFKIN: Both parties concede that a trust was not created by the instrument set out in our findings but the petitioner says that a partnership was created and the respondent says that it was an unincorporated association taxable as a corporation. The respondent points to the provisions of the instrument giving the trustees broad powers to conduct business and says that the mere fact that those powers were not exercised does not vary its classification under the revenue acts. Our attention is called to the certificates issued to the organizers, stated to be personal property and not passing as real estate on the death of an owner, transferable as corporate shares are transferred; to the management of the affairs of the business by Feuchter and Lansden (paragraph 2) which, it is argued, makes their powers comparable to the powers vested in corporate directors; to the limitation of liability imposed by the instrument upon the trustees to bind the shareholders for an amount greater than the property on hand; to distributions of income in accordance with shares; to an annual report to shareholders; to the provision for compensation of the trustees; to the provisions for meetings, voting removal of trustees by shareholders, and a control by shareholders; to continued existence by the appointment of successors to either Feuchter or Lansden; and to the provision for increasing or decreasing the shares. All of these provisions, it is argued by the respondent, make this proceeding exactly analogous to *Burk Waggoner Oil Association* v. *Hopkins,*

269 U. S. 110. There Mr. Justice Brandeis, speaking for the Court, said:

It is clear that Congress intended to subject such joint-stock associations to the income and excess profits taxes as well as to the capital stock tax. The definition given to the term "corporation" in section 1 applies to the entire act. The language of the section presents no ambiguity. Nor is there any inconsistency between that section and sections 218(a) and 335(c), which refer specifically to the taxation of partnerships. The term partnership as used in these sections obviously refers only to ordinary partnerships. Unincorporated joint-stock associations, although technically partnerships under the law of many states, are not in common parlance referred to as such. They have usually a fixed capital stock divided into shares represented by certificates transferable only upon the books of the company, manage their affairs by a board of directors and executive officers and conduct their business in the general form and mode of procedure of a corporation. Because of this resemblance in form and effectiveness, these business organizations are subjected by the act to these taxes as corporations.

The provisions of the instrument, even when considered in connection with what was actually done under the instrument, indicate to us that the points of similarity to a corporation are so numerous in this proceeding that we must hold it to be so taxable. The variations from usual corporate procedure pointed out by the petitioner, such as conferences between all the interested parties respecting any important action, are no more than the departures from usual procedure by a family or closely held corporation, the affairs of which are often loosely conducted. Nor does the fact that a corporation could not be organized in Illinois for the principal purpose of dealing in real estate, prevent this petitioner from being taxable as an unincorporated association under the Federal law.

The most serious objection raised by the petitioner is, in our opinion, the objection that it is not doing business at all. Such an objection is based upon a considerable number of cases involving the capital-stock tax, as to which the tax is upon the privilege of "engaging in or carrying on business," in which it has been held that a corporation engaged in liquidating its affairs is not subject to the tax. See *Lane Timber Co.* v. *Hynson*, 4 Fed. (2d) 666. It is said that here, because the petitioner was merely engaged in selling off the property which it acquired, it was not doing business and, inferentially, the language of Mr. Justice Brandeis cited above, with respect to doing business in corporate form, does not apply because there is no business. It may be pointed out, however, that the doctrine contended for is seriously weakened by the following language from *Edwards* v. *Chile Copper Co.*, 270 U. S. 452, by Mr. Justice Holmes:

The "exemption" when not engaged in "business" ordinarily would seem pretty nearly equivalent to when not pursuing the ends for which the corporation was organized, in the cases where the end is profit.

We further point out that here the question is one of classification, not of the nature of the activities, as in the capital-stock-tax cases. We conclude that the petitioner was taxable during the periods in question as an unincorporated association, i. e., a corporation.

*Judgment will be entered for the respondent.*