*463 OPINION.
MuRdock :
The question for determination in this case is how the petitioner should be classified for the purposes of taxation, that is to say, whether as a corporation (in which are included associations, joint stock companies and insurance companies) as a partnership, or as a group of joint adventurers.
The respondent cites numerous definitions of the term “joint stock companies ” to the effect that such a company is a partnership with a capital divided into shares so as to be transferable without the consent of all the partners. It is clear, however, that in order that an association of individuals shall constitute a joint stock company something more is required than the mere issuance of so-called shares.
In Hecht v. Malley, 265 U. S. 144, the Supreme Court passed upon the applicability of the special excise tax to a Massachusetts trust. In deciding that the word association as used in the statute included a Massachusetts trust, the court made the following observation:
The word “ association ” appears to be used in the Act in its ordinary meaning. It lias been defined as a term “used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.” 1 Abb. Law Diet. 101 (1879) ; 1 Bouv. Law Dict. (Rawle’s 3rd Rev.) 269 ; 3 Am. & Eng. Enc. Law (2d ed.) 162; and Allen v. Stevens (App. Div.), 54 N. Y. S. 8, 23, in which this definition was cited with approval as being in accord with the common understanding. Other definitions are: “ In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation.” Webst. New Internat. Diet. “ [U. S.) An organized but unchartered body analogous to but distinguished from a corporation.”
In the case of Burk-Waggoner Oil Assn. v. Hopkins, 269 U. S. 110, the Supreme Court in considering the definition of the term “ corpq- *464 ration ” contained in the Bevenue Act of 1918, made the following-comment :
Unincorporated joint stock associations, although technically partnerships under the law oí many States, are not in common parlance referred to as such. They have usually a fixed capital stock divided into shares represented by certificates transferrable only upon the books of the company, manage tlioir affairs by a board of directors and executive officers, and conduct their business in the general form and mode of procedure of a corporation. Because of this resemblance in form and effectiveness, these business organizations are subjected by the Act to these taxes as corporations. (Italics ours.)
The method of conducting the petitioner’s business bore almost no resemblance to the method of conducting business ordinarily used by a corporation. The petitioner was very loosely organized. No officers or directors were ever elected. No by-law or method of doing business was ever regularly adopted. Digging of wells was left to the partnership of Myers and Long. What few policies were determined by the partnership, as for example, the question of drilling additional wells, were the result of the opinions of the various parties interested expressed to one another on the street or else were the result of the judgment of the partnership of Myers and Long to which nobody interested in the petitioner ever took any objection. The subscription agreement is the only one to which we can look for the intention of the parties. It contains none of the provisions commonly found in corporate charters with the exception of the provision with regard to the issuance of shares. It does not provide for a directorate or for the election of any officer except the treasurer. No director or officer was ever elected. No shares were ever regularly issued. After a number of the original subscribers had sold their interests, the purchaser of these interests had certain certificates distributed. The issuance of these certificates was never authorized by those interested. The signatures attached to them carried no authority. Under the circumstances these certificates had no legal effect whatsoever upon the petitioner.
While there is some slight evidence that the subscribers in this case had an opportunity to determine who the other subscribers w-ere, we can not. find that there was a true delectus personae. We are therefore of the opinion that the organization composed of the persons who subscribed to the so-called shares in this enterprise ivas neither a joint stock company nor an association but that such persons were joint adventurers and must be taxed as individuals.
Beviewed by the Board.

Judgment will be entered for the petitioner.