*520 OPINION.
Love:
In this case the only issue in controversy is a question of law rather than one of fact. Is the petitioner, in view of all the facts, taxable as a trust, or as an association taxable as a corporation ?
It is not controverted that in the creation of the agency or organization designed by the grantor, to manage, dispose of, and distribute her estate for the use and benefit of her children, that she did create a trust, and that under the laws of the State of Texas, the domicile of that organization and the situs of practically all of the assets entrusted to it, that entity is a trust, so regarded by its creator, by its beneficiaries, by the trustee, and by the courts of that State.
But arriving at that conclusion, does not solve the problem presented to the Board. In the case of Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110, the Supreme Court held that notwithstanding the fact that the' association involved in that case was, under the laws of the State of its domicile, a partnership, and as such subject to all the liabilities of a partnership, yet by reason of its internal organization and machinery of operation, as well as its actual operations, it came within the ambit of associations which Congress prescribed should be taxed as a corporation. See also Hecht v. Malley, 265 U. S. 144. Neither the act of Congress relating to the taxing of associations as corporations nor the decision of the court construing that act affects the status of such organizations under the laws of the State. The court only holds for the purpose of Federal taxation that when a group of individuals organize themselves with the characteristic elements of a corporation, and operate in form and manner as a corporation, they come- within the ambit of associations (unchartered organizations) which Congress prescribed should be taxed as corporations, and that Congress had the constitutional right to so tax them. We are, therefore, brought face to face with the problem of determining whether or not the Wilson Syndicate Trust in its internal organization and *521 in its machinery of operation, as well as in its operations and purposes, possessed and was controlled by the characteristic features of a corporation.
From a consideration of the record in this case, we believe that this petitioner did not possess the identifying characteristics of a corporation. The term “ association ” as used in the Revenue Act means a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise. Hecht v. Malley, supra; Max Wolf et al., 10 B. T. A. 835. See also Hornblower v. White, U. S. Dist. Ct., Mass., decided July 26, 1927, and E. A. Landreth, 11 B. T. A. 1, and cases cited.
The Supreme Court has held that when a partnership which under the laws of the State of its domicile has present in its organization and operation the characteristic features of a corporation, and carries on a business for profit, it may be taxed as a corporation. A fair construction of that "holding would include the converse, that is, that a partnership which has not present in its organization or operation the characteristic features of a corporation, may not be taxed as a corporation.
The statute specifically provides how the net .income of an estate or trust shall be taxed, and yet, following the logic of the Burk-Waggoner case, a trust which has present in its organization and operation the characteristic features of a corporation organized for the purpose of carrying on a business, would be subject to be taxed as a corporation, and a fortiori, a trust which has not present those features shall be taxed as a trust and not as a corporation.
We are, therefore, brought to a consideration of the features incident to and inherent in the creation and prescribed method of operation of the Wilson Syndicate Trust.
It was not chartered under any statutory law but was created by deed, as permitted under the general trust laws of the State of Texas. The trust held only the legal title to the assets, the beneficial interest therein being in the beneficiaries. It did not issue certificates evidencing proportional interest owned by each beneficiary. The beneficiaries had no voice in or control over the fundamental policies of the organization. They could only remove a trustee and designate ánother by written declaration, executed in the form prescribed for the execution of a deed. There was no board of directors. At first there were two trustees, each empowered to act alone if he deemed it necessary. Later, the bank was sole trustee. There was no periodical or regular manner of distribution of profits among the beneficiaries. It is true that the trustees continued to carry on the several businesses in which J. B. Wilson was engaged prior to his death, and they sold assets, bought other assets, improved ranches, *522 and' kept the property in repair, none of which activities is inconsistent with a trust. They were within the purview of the deed creating the trust.
The trust was not created for the purpose of carrying on a business, and the trustee bought and sold, and carried on other transactions, such as making repairs, only for the purpose of conserving the assets until a favorable time should arrive when a liquidation could be effected under fairly favorable circumstances, and make a distribution among the beneficiaries.
In view of all the facts in this case we hold that the Wilson Syndicate Trust should be taxed as a trust and not as a corporation. It follows therefore that there was no deficiency for any year, and the delinquency was improperly asserted.
Reviewed by the Board.

Judgment of no deficiency will ~be entered.