*818 OPINION.
Van Fossan :
The first question for decision arises from the classification of petitioner by respondent as an association taxable as a corporation, petitioner contending it was a partnership. So far as the record shows, petitioner functioned in substantial accordance with the procedure laid down in its articles of association. It is our opinion that the history and expressed purposes in forming the association, its pjan and method of procedure and its actual operation bring it squarely within the category of joint-stock companies or associations as that term is used in the Revenue Act of 1917. Hecht v. Malley, 265 U. S. 144; Burk-Waggoner Oil Assn. v. Hopkins, 269 U. S. 110.
The second issue concerns invested capital. Petitioner’s books showed at the end of the taxable year large accumulations of un-drawn salary increases and bonuses, and interest on the same, all credited to the stockholders and appearing as liabilities on the balance sheet of the company. The books also showed deposits accepted by the company from employees and other persons and interest credited on such accounts in similar manner. The funds represented by these credits were at the use of the company and were employed in its business. Though it was tacitly understood these accounts were to be left with the company, there was no agreement that the money should be left for any definite period of time and there is nothing in the record negativing the right of any party to withdraw the account to his credit at any time. The company paid 6 per cent interest on all funds thus left or deposited with it, said interest being credited on the books and added to the account. The company also deducted the interest so paid or credited in computing its net income.
It is our opinion that these accounts which petitioner carried as liabilities and on which it paid interest represented borrowed money and were properly excluded from invested capital. See Kelly-Buchley Co., 1 B. T. A. 1154; Southport Mills, Ltd., 6 B. T. A. 1073, *819 affd., C. C. A., 26 Fed. (2d) 17. The facts distinguish this case from Feich & Sons Co. v. Blair, 26 Fed. (2d) 540, where there was a definite agreement to leave funds with the company and no interest was paid thereon.
Ho evidence was introduced in support of the third issue raised by the pleadings and the same is, therefore, considered to have been abandoned.

Judgment will he entered for the respondent.