BARDWELL, PRITCHARD & CO. (A PARTNERSHIP COMPOSED OF D. G. BARDWELL, CLUFF PRITCHARD, AND BENTON NEELY), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36771, 41521. Promulgated July 28, 1930.

*Nelson E. Taylor, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Love: While the substantive effects of the respondent's determinations respecting the two taxable years involved in these proceedings are the same, it appears from the deficiency letters that these effects may have been arrived at upon different bases and accordingly we desire to point out these differences before discussing the merits of the controversies.

The deficiency letter referring to the year 1923, as set out in appeal, Docket No. 36771, states:

This office holds that your organization is an association for income-tax purposes, and, therefore, is taxable as a corporation.

The deficiency letter referring to the year 1924, as set out in appeal, Docket No. 41521, purports to assert a liability of the petitioner as a corporation. As is mentioned above, the substantive effect of these determinations is the same, i. e., in each instance petitioner is held liable to tax as a corporation.

We think the facts set forth in our findings need no amplification or discussion to demonstrate that petitioner has never been a corporation. The distinction between the partnership of Bardwell, Pritchard & Co. and the corporation of the same name is as great as can exist between any two similarly termed entities.

The respondent's determination that for the year 1923 the petitioner was an association taxable as a corporation is, we believe, as equally unfounded as is his determination that for the subsequent year the petitioner was a corporation. In *Hecht* v. *Malley*, 265 U. S. 144, it is said:

The word " association " appears to be used in the Act in its ordinary meaning. It has been defined as a term " used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." 1 Abb. Law Dict. 101 (1879) ; 1 Bouv. Law Dict. (Rawle's 3rd Rev.) 269 ; 3 Am. & Eng. Enc. Law (2d Ed.) 162 ; and *Allen* v. *Stevens* (33 App. Div. 485)

54 N. Y. S. 8, 23, in which this definition was cited with approval as being in accord with the common understanding. Other definitions are:

" In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation." Webst. New Internat. Dict. "(U. S.) An organized but unchartered body analogous to but distinguished from a corporation." Pract. Stand. Dict.

Beyond being a body of persons organized for a common purpose. the petitioner in this proceeding exhibits none of the attributes of an association as above set forth. In our opinion it has been demonstrated that petitioner has always been a common-law partnership and nothing more. As such it is not a taxable entity under the Revenue Act of 1921. See *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110; *Utica Motor Car Co.*, 10 B. T. A. 878; *Myers, Long & Co.*, 14 B. T. A. 460; *Wilson Syndicate Trust*, 14 B. T. A. 508; affd., *Blair* v. *Wilson Syndicate Trust*, 39 Fed. (2d) 43; *Extension Oil Co.*, 16 B. T. A. 1028.

*Judgment will be entered for the petitioner.*