*263 OPINION.
Maequette :
The sole question raised by these proceedings is whether the income of the partnership of MacDonald & Harrington, for the years 1922 to 1926, inclusive, should be divided equally between and taxed to the petitioners alone, or whether it should be divided equally among and taxed to the petitioners and their respective wives. The determination of this question depends upon whether Mrs. MacDonald and Mrs. Harrington were partners in the firm of MacDonald & Harrington during the years involved.
The same question was presented to us by these petitioners for the years 1920 and 1921 in G. M. Harrington et al., 10 B. T. A. 92. We there held that there was “ not a preponderance of evidence to establish the partnership relation among the petitioners and their wives. * * * There is no evidence that the wives entered into the relationship of mutual agency with their husbands, or that their wives entered into such an agreement with the petitioners as to constitute them partners, and the actual conduct of the parties, as well as the other evidence in the case, leads us to the conclusion that the partnership was not formed until 1924, when the articles of copart-nership were executed.”
In the present proceedings the petitioners produced no evidence with respect to the years 1922, 1923, and the first four months of 1924, essentially different from that which they offered in the case above quoted, and we find nothing in the record to justify us in holding that the petitioners’ wives became members of the partnership prior to May 1,1924.
However, we are of opinion that the partnership- relation between the petitioners and their wives did come into existence in May, 1924, when the partnership articles were executed, and that that relationship continued without interruption through the year 1926. Under the California law, husband and wife may become partners and *264 carry on a partnership business. Section 158, Civil Code of California. And this right has been recognized by this Board in L. S. Cobb, 9 B. T. A. 541; Elihu Clement Wilson et al., 11 B. T. A. 963. In each of those decisions the conditions under which the wife was taken into partnership business with the husband were very similar to the conditions present in the proceedings now before us. The respondent in the present proceedings does not question the right of the wives to become partners with their husbands, although he denies that they certainly did so. He also contends that, as both the petitioners and their wives were residents of California during all the taxable years, even if the wives were partners, the partnership income would become community property and therefore the shares of partnership income received by the wives would be community income and taxable to the husbands.
Section 218 (a) of the Revenue Act of 1924 and 1926 provides that:
Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, * * *
We have found that the petitioners and their respective wives were all equal partners from May 1,1924, until the close of the year 1926. In view of that fact the respondent’s contention is answered by the section above quoted. In that statute the Congress has definitely set forth the manner in which income acquired by a partnership shall be taxed, namely, to the individual members of the partnership in proportion to their distributive shares. Whether, under California laws, a wife’s partnership profits become community property, or whether they remain her own separate property, is immaterial in this instance. A Federal statute fixing the manner by which the incidence of the tax takes place, and designating the individual upon whom the tax falls, is not limited in its application by the varying laws of the different States. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110.
Under similar circumstances, in L. S. Cobb, supra, and Elihu Clement Wilson et al., supra, we held that a wife’s distributive share of partnership profits, in California, was not taxable as income to the husband. The respondent erred in his determination, and each of these petitioners should be taxed upon only one-fourth of the net income of the partnership from and after May 1, 1924.

Judgment will be entered under Rule 50.