TULSA MORTGAGE INVESTMENT CO., A TRUST ESTATE, EVERETT PETRY, A. S. BURROWS, AND H. E. HANNA, AS TRUSTEES OF THE TULSA MORTGAGE INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32544. Promulgated December 16, 1930.

*Everett Petry, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The single question presented in this proceeding is whether the Company. is taxable as a trust or as a corporation. Since its income-tax return was filed as a trust, section 704(a) of the Revenue Act of 1928 is applicable, and it is necessary to ascertain whether the Company was considered to be taxable as a trust under the respondent's regulations and rulings in force and effect when the return was filed. The similar question for 1924, as to a different taxpayer, is fully considered in *Lansdowne Realty Trust*, 20 B. T. A. 119, where we held adversely to the petitioner's contention. We think that decision disposes of the question raised here as to the application of section 704(a).

On numerous occasions this Board and the courts have passed upon the question whether an entity was taxable as a trust or as a corporation, and the distinction between those organizations which are taxable as corporations and those which are taxable as trusts has been fairly well defined. Holding trusts doing no business and merely engaged in collecting income and distributing it to the beneficiaries are regarded as trusts, while those which are actively engaged in business through forms similar to those of a corporation are regarded as associations taxable as corporations. *Lansdowne Realty Trust, supra; J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056; *Extension Oil Co.*, 16 B. T. A. 1028; *Hecht v. Malley*, 265 U. S. 144; *Burke-Waggoner Oil Assn. v. Hopkins*, 269 U. S. 110; *Little Four Oil & Gas Co. v. Lewellyn*, 29 Fed. (2d) 137; and *White v. Hornblower*, 27 Fed. (2d) 777.

We think that petitioner comes within the class taxable as corporations. It was not merely holding property and collecting the income therefrom, but was engaged in business, namely, discounting real estate notes, collecting the income, and investing and reinvesting the principal and interest. The Company was organized by Burrows and Hanna as a convenient method of marketing the real estate paper acquired by the Hanna Lumber Co. in connection with its lumber and real estate business.

The respondent properly determined that the Company was an association taxable as a corporation. Cf. *Lansdowne Realty Trust*, *supra*.

Reviewed by the Board.

*Decision will be entered for the respondent.*