*1278 OPINION.
JBlace :
In this proceeding respondent has determined a deficiency against petitioner of $392.51 for the year 1924 by reason of his determination that the petitioner was during the year in question not a trust taxable under section 219 of the Revenue Act of 1924, but an association within the meaning of that term as used in section 2 (2) of the Revenue Act of 1924, and therefore taxable as a corporation. The petitioner had filed a return for the year 1924 in which it asserts that it is a trust, thus making it necessary to consider the applicability of section 704, Revenue Act of 1928. In Lansdowne Realty Trust, 20 B. T. A. 119, and Commercial Trust Co., 18 B. T. A. 1248, we discussed section 704 and its application to returns which had been filed after the effective date of the decision of the Supreme Court of the United States in Hecht v. Malley, 265 U. S. 144.
In our opinion, section 704 of the 1928 Act does not require that petitioner be taxable as a trust, because the facts show that petitioner’s return for the year 1924 was filed January 26, 1925. At the time it was filed the Commissioner’s rulings had been materially changed from what they were in former years, following the decision of the Supreme Court of the United States in Hecht v. Malley, supra. We think that petitioner for the year 1924 is taxable as an association under the decision of Hecht v. Malley, supra. There were three separate trusts involved in the decision of Hecht v. Malley, supra. The Hecht Real Estate Trust case No. 99 was one of them and seems to have been substantially the same kind of an organization as the trust involved in the instant case. Said the Supreme Court, in describing the Hecht Real Estate Trust:
The Hecht Real Estate Trust was established by the members of the Hecht family upon real estate in Boston used for offices and business purposes, which they owned as tenants in common. It is primarily a family affair. The *1279 certificates have no par value; tlie shares being for one-thousandths of the beneficial interest. They are transferable; but must be offered to the trustees before being transferred to any person outside of the family. The trustees have full and complete powers of management; but no power to create any liability against the certificate holders. There are no meetings of certificate holders; but they may, by written instrument, increase the number of trustees, remove a trustee, appoint a new trustee if there be none remaining, modify the declaration of trust in any particular, terminate the trust, or give the trustees any instructions thereunder.
* * * * ⅜ * *
The court also said:
We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the Act of 1918; this being true independently of the large measure of control exercised by the beneficiaries in the Hecht and Haymarket Oases, which much exceeds that exercised by the beneficiaries under the Wacliusett Trust. We do not believe that it was intended that organizations of this character — described as “ associations ” by the Massachusetts statutes, and subject to duties and liabilities as such — should be exempt from the excise tax on .the privilege of carrying on their business merely because such a slight measure of control may be vested in the beneficiaries that they might be deemed strict trusts within the rule established by the Massachusetts courts.
We can see no material difference in petitioner’s operation for the year 1924 under the trust instrument set out in our findings of fact from that of the concerns which we held in Lansdowne Realty Trust, 20 B. T. A. 119; Russell Tyson et al., 20 B. T. A. 597; and Zenith Real Estate Trust, 21 B. T. A. 656, to be associations and taxable as such. This would be true regardless of whether it was recognized as a partnership, as petitioner contends, under the laws of the State of Colorado. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110.
In Wilson Trust, 20 B. T. A. 549, we endeavored to point out the distinction between a trust such as is created when an ancestor conveys property to trustees for the equitable benefit of designated beneficiaries and such a. trust as the Hecht Real Estate Trust described in Hecht v. Malley, supra, and the trust described in the instant case, where persons who own property as tenants in common associate themselves together for their own convenience and profit for the purpose of holding title to property, collecting rents thereon, preserving the property, selling certain of the assets and reinvesting the proceeds, distributing the income and ultimately disposing of and distributing the property. In endeavoring to point out this distinc *1280 tion, we quoted from Blair v. Wilson Syndicate Trust, 39 Fed. (2d) 43, wherein the court said:
* * * A distinction is to be made between an agreement between individuals in the form of a trust and an express trust created by an ancestor, although they may have some features in common. The controlling distinction is that one is a voluntary association of individuals for convenience and profit, the other a method of equitably distributing a legacy of donation. Congress has recognized this distinction, classing the former as associations, to be taxed as corporations, and at the same time providing for a separate and distinct method of taxing the income of estates and trusts created by will or deed, classing them together for that purpose. Section 219, Revenue Act of 1921 (42 Stat. 246).
We do not think the trust involved in the instant case can be classed as one falling within the classification involved in the Wilson Syndicate Trust, supra, and Wilson Trust, supra, but is rather one where persons, members of the same family, owning property as tenants in common, have associated themselves together, under the designation of “ O. W. Cowell Company,” for purposes of convenience and profit, and although under the laws of Colorado such an association is classed as a partnership, it is, under the Revenue Act of 1924, an association taxable as a corporation.

Judgment will he entered for the respondent.