*924 OPINION.
Van Fossan:
Petitioner kept his books and made his returns on a cash basis. In 1922 he received as his share of the final liquidation and distribution of profits of the City Real Estate Department of Straus Land Corporation, Limited, under the terms of the contract referred to in our findings of fact, the sum of $50,420.76. Petitioner reported the said sum as income from “ salaries, wages, commissions, etc.,” but now contends this was error. He alleges, in effect, that the contract of February 7, 1916, created a partnership between Straus Land Corporation, Limited, and petitioner and that since the profits of the alleged partnership were determined each year, they were returnable as income in the year in which earned, whether distributed or not.
The determination of the issue thus presented turns largely on the interpretation of the contract. If it was a contract of partnership under the law petitioner’s contention is well made; if a contract of employment, respondent must prevail.
It will scarcely be gainsaid that the contract in question contains provisions lending color to both interpretations. It provided for a sharing of profits and losses. In this it suggests a partnership. But it expressly provides that Straus Land Corporation, Limited, “ agrees to and does hereby employ ” petitioner, who in turn “ agrees to and does engage his services ” to the Land Corporation. It further provides that petitioner “ shall receive and hereby agrees to accept in full as a salary for all his services,” a fixed proportion of the profits. This language strongly suggests a contract of employment.
Counsel for petitioner frankly conceded at the hearing that under the laws of Indiana and Michigan a corporation may not be a member *925 of a partnership. That the same thought underlies section 218 (a) of the Revenue Act of 1921 seems clear from its terms. It provides: “ That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.” In Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110; 70 L. Ed. 67, the Supreme Court said: “ the term ‘ partnership ’ as used in these sections obviously refers only to ordinary partnerships.” Surely this was not an “ ordinary partnership.” Thus, it would seem that to hold the relationship between petitioner and Straus Land Corporation to be that of a partnership would require the recognition of a relation forbidden by the State law and not contemplated by the revenue act. It would require, moreover, a disregarding of the express terms of the contract which characterized petitioner as an employee and his compensation as salary. If it be said that this was a special type of partnership, it may well be replied that it was a special type of employment contract.
We are of the opinion that the respondent did not err in interpreting the contract as one of employment and that petitioner properly reported as income for 1922 the sum of $50,420.76 received by him in that year.
The disallowance by respondent of the credit claimed by petitioner on account of Canadian taxes is not contested in this proceeding.
Reviewed by the Board.

Decision will Toe entered for the respondent.