## HARRIS v. UNITED STATES.
### No. 1047.

District Court, S. D. Texas, Galveston Division.
April 30, 1931.

John D. Watkins, of Galveston, Tex., for plaintiff.

Henry M. Holden,. U. S. Atty., of Houston, Tex.

KENNERLY, District Judge.

Articles 5013 to 5023, inclusive, of the Texas Revised Statutes of 1925, authorize individuals, partnerships, or associations of individuals, to make any insurance (except life insurance) on the "Lloyd's plan," by executing articles of agreement, expressing their purpose so to do, and complying with the provisions of said articles. On April 15, 1927, Maco Stewart, of Galveston, Tex., and eleven other individuals executed a power of attorney, claimed to be such as is provided for in such articles, to Fletcher W. Harris, of Galveston, Tex. In such power of attorney, it is set forth that the business is to be carried on under the name of "Lloyd's Agency at Galveston." Fletcher W. Harris then filed with the insurance commissioner of the state of Texas an application for a permit for Lloyd's Agency at Galveston to write insurance in accordance with the provisions of said statute, for the year ending February 28, 1928. Such permit for such period was issued by such commissioner. A similar application was filed and a similar permit was issued for the year ending February 28, 1929. Under instructions from the internal revenue authorities, and under protest, said Harris, acting under the name of "Lloyd's Agency at Galveston," filed for such agency an income tax return for the calendar year 1928, and likewise, under protest, on or prior to March 15, 1929, paid to the proper tax authorities $38, being the assessment of tax owing under such return. This is a suit by said Fletcher W. Harris, as attorney in fact for Lloyd's Agency at Galveston, by original petition filed November 19, 1930, and amended petition filed December 9, 1930, against the United States of America, under the provisions of subdivision 20 of section 41 of Title 28 of the United States Code (28 USCA § 41 (20), to recover such tax so paid. Defendant's answer, filed February 16, 1931, interposes general demurrer, special demurrer, and general denial. Such demurrers were heard along with the case on the merits, without same being waived by defendant. On account of the disposition that is made of the case on the merits, it is only necessary to notice the special demurrer, which, for convenience, is quoted: "Defendant specially demurs and excepts to plaintiff's first amended original petition and says the same is insufficient in law and does not set forth a cause of action, in that said action is instituted by Fletcher W. Harris, Attorney-in-Fact, Lloyd's Agency at Galveston, when in truth and in fact said petition, on its face, shows that the party at interest is the Lloyd's Agency at Galveston."

It is clear that this is not a suit by Fletcher W. Harris individually, and that he does not purport to act herein individually. An examination of the amended petition, together with its exhibits, makes it clear that this is a suit by Lloyd's Agency at Galveston, which it is claimed was created by the execution of the power of attorney hereinbefore referred to, and by the happening of the matters, and the doing of the things, set forth in said amended petition; all purporting to be done under and by virtue of said articles 5013 to 5023, inclusive, of the Texas Revised Civil Statutes. The special demurrer of defendant, therefore, should be, and will be, overruled.

This brings us to the question of the liability of said Lloyd's Agency at Galveston to file the income tax return which was filed, and to pay the tax which was paid, and its right to recover same herein. The determination of these questions largely depends upon the character of organization created by plaintiff under said articles of the Texas statutes, and in determining that question what is said by the Circuit Court of Appeals for the Fifth Circuit in the recent case of Lucas, Commissioner, v. Extension Oil Co.,

47 F.(2d) 65, page 66, is quite pertinent. In that case, there was presented for determination by the court the question of whether the Extension Oil Company was a trust, or an association, etc. The court uses this language:

"It is at once evident that this is one of those cases where 'As long as the matter to be considered is debated in artificial terms there is a danger of being led by a technical definition to apply a certain name, and then to deduce consequences which have no relation to the grounds on which the name was applied.' Guy v. Donald, 203 U. S. 406, 27 S. Ct. 63, 64, 51 L. Ed. 245, and that its correct decision will depend upon a complete apprehension and recognition of the realities of the case, through an appreciation and understanding of the facts which make it up; and that this is so both as to the question of whether the particular taxpayer is an association, or a trust, and whether it is doing business, a review of the many decisions in the Supreme and inferior courts will show."

After referring to numerous cases, and commenting upon one or more thereof, the court continues and uses this language: "Each of these cases grounds its result upon the controlling facts, and makes it clear that reality, and not fiction, must in each case determine whether the tax is or is not properly laid."

The facts in this case are, in the main, undisputed, and substantially all of them, that need be considered here, are set forth in the stipulations of fact filed herein, and need not be here, again, set forth or repeated. A consideration of these facts leads inevitably to the conclusion that plaintiff, Lloyd's Agency at Galveston, was, during 1928, an association within the meaning of, and was required under, the Revenue Act of 1928 (26 USCA § 2001 et seq.) to make the return it made, and pay the tax it paid.

Such agency was, during the year 1928, authorized, under the statutes of Texas above referred to, and by the commissioner of insurance of Texas, to do a general fire, tornado, hail, and floater insurance business in Texas. That it voluntarily restricted its business to buildings covered by some nine hundred and eleven loans made by the Guaranty Building & Loan Company is immaterial.

Plaintiff contends that under such power of attorney, etc., it does not come within the definition of an association. While the power of attorney referred to does provide that each subscriber is acting individually, and that the subscribers are not acting jointly or collectively, etc., it is doubtful if this is in compliance with the Texas statutes mentioned, and particularly article 5013. Be that as it may, it is certain that those who executed the power of attorney had a common attorney in fact (Harris), a common name (Lloyd's Agency at Galveston), a common office, a common set of books, and as to a portion of their funds, a common bank account. When a policy or insurance obligation was issued, while it is true it was signed by the attorney in fact for each underwriter, and the obligation of each is limited, it is a common policy. The premiums of insurance were paid into a common fund, and expenses and losses paid out of such fund. Each underwriter is legally entitled to his pro rata share of such fund.

My time does not permit a review and a discussion of the authorities which I believe support this view, but the conclusion reached is that the Lloyd's Agency at Galveston in 1928 was an association within the meaning of the Revenue Act of 1928, and actively engaged in the fire, tornado, hail, and floater insurance business. Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949; Pickering v. Alyea-Nichols Co. (C. C. A.) 21 F.(2d) 501; Burk-Waggoner v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; Hoadley v. Purifoy, 107 Ala. 276, 18 So. 220, 30 L. R. A. 351; Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554; Lucas v. Extension Oil Co. (C. C. A.) 47 F.(2d) 65, page 66, and cases there cited.

Judgment will be entered that plaintiff take nothing as against defendant, and that plaintiff pay the costs of court.