*145 OPINION.
Lansdon:
The only question here is whether this petitioner, by reason of the nature of its organization and the purpose of its operations, is taxable as a trust or as an association. The facts are well established. Hollingsworth, Dickens, McCoy and Wilhoite associated themselves for the purpose of acquiring, developing and operating an oil-producing property. As sublessees they acquired the right to occupy and explore a certain tract of land for oil and gas and assumed all the obligations of the lessees. Lacking the means to complete an oil well on the land, they trusteed their interest therein and brought some 225 additional persons into the enterprise as unit holders and parties to the trust. The agreement designated one of the lessees as trustee, defined the powers of such trustee, and provided that “ in all his actions relating to questions and matters pertaining to the drilling for and production and disposal of oil and other hydrocarbon substances from said land shall be governed by the decision of a majority of the sub-lessees,” and that a majority of the sublessees, by a writing filed with the depositary, might remove a trustee and name his successor. Ownership of units of beneficial interest was evidenced by signed copies of the agreement and by prescribed entries in books of the depositary and transfer of such units by assignment was authorized and in many instances effected during the operation of the petitioner.
Clearly, this petitioner was formed by individuals entering into an association with each other.' That association was organized by the execution of an agreement. Like the charter of a corporation, that agreement defined the rights of all the parties in interest and specifically provided for the operation of the enterprise for a definite term of years. It is not too much to say that such agreement designated the sublessees as directors of the enterprise in which all the unit holders were parties in interest. One of the sublessees was manager, with his powers strictly defined, and subject to removal by a majority of his fellow directors, the sublessees. Papers evidencing the percentages of ownership were issued to the unit holders. In our opinion, these facts established sufficient similarity to the association to bring it within the provisions of section 2 (2) of the Revenue Act of 1921.
Very many similar controversies have been decided by this Board, the inferior Federal courts, and the Supreme Court of the United States. The leading case is Hecht v. Malley, 265 U. S. 144. The court said:
We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, *146 the trusts are to be deemed associations within the meaning of the Act of 1918; this being true independently of the large measure of control exercised by the beneficiaries in the Seeht and Haymarket cases, which much exceeds that exercised by the beneficiaries under the Wachusett Trust. * * * ”
Following Hecht v. Malley, supra, this Board and the courts have since almost uniformly held that the true tests to be applied in all their trust controversies is whether the association was formed for the purposes of conserving or liquidating property already owned by the beneficiaries or for -conducting a business and earning profits for distribution among the parties in interest. Applying this test to the circumstances of this petitioner, we think it must be taxed as an association. There was a voluntary association, the creation of a business entity to operate for many years, and the production and sale of oil for the sole purpose of realizing profits for the associates. Hecht v. Malley, supra, Burk-Waggoner Oil Assn. v. Hopkins, 269 U. S. 110; Durfee Mineral Co., 7 B. T. A. 231; Russell Tyson et al., Trustees, 20 B. T. A. 597.
Pursuant to section 704 (b) of the Revenue Act of 1928, trustees for organizations taxable as trusts prior to 1926 might elect whether to be taxed as associations or trusts. Such an election was filed by the trustee of this petitioner, but since it was not taxable as a trust in 1923 or 1925, it has no bearing on the issues of this proceeding.
The petitioner filed no return for the year 1923 and, so far as this record discloses, has never filed a return for that year. Even if the explanation of failure to file is reasonable, it is of no avail here, since, under section 3176 of the Revised Statutes, the penalty can be lifted only upon proper explanation and later filing of a return. John B. Nordholt, 4 B. T. A. 509; John T. Sline, 9 B. T. A. 1222.

Decision will he entered for the respondent.