*1232 OPINION.
Matthews:
The only question to be determined is whether the trust was taxable as an association.
We do not think petitioner was an association for taxing purposes under section 2 (a) (2) of the Eevenue Acts.of 1924 and 1926, and section 701 (a) (2) of the Eevenue Act of 1928. The trust instrument bore some resemblance, it is true, to that of a “Massachusetts Trust.” It had a business purpose and carried on business activities. But the evidence shows that no certificates of beneficial interest were ever issued either to Holmes himself, to his wife and sons, or to outsiders. In view of the language of the provision in Article VI, section one, that certificates “ may ” be issued as evidence of beneficial interest, but not absolutely requiring their issuance, it is conceivable that the interests of the named beneficiaries, Holmes’s wife and sons, vested immediately, although the extent of their interests is not determined by the instrument. We think petitioner should be allowed the benefit of the doubt. The powers which he might have exercised lay dormant. The new money which he might have brought into the business by the sale of interests to others never came in. It may well be doubted whether strangers would wish to risk their money in an enterprise dominated wholly by one man. At any rate none ever did. Some lingering hope of such investment may still have been in Holmes’s mind in 1927, five years after the trust’s creation, when he provided by amendment for an *1233 increase in the number of beneficial certificates which might be issued; but if there was such a hope, it was never realized. Holmes went on doing business in the same way as he had done hitherto. True, he had taken care that the trust instrument be recorded so that persons dealing with the bakery should be put on notice that the business was run as a trust; and, of course, the limitation of liability to the trust property, which was apparently the main thing sought by Holmes in changing the form of the business, put the business in fact in a different position to third persons from what it had hitherto occupied. But we do not think this should be the criterion of whether the business was an “ association.” It had been a one-man business, it became a one-man trust, with beneficiaries in Holmes’s own family designated but never holding beneficial certificates, but the business went on in the same way, as far as ownership, control, and management Avent. The trust instrument shoAvs that Holmes himself contemplated being a beneficiary, and in view of the evidence that no beneficial certificates were issued, and that no dividends were paid by the trust, we may well conclude that he was in fact the sole beneficiary, notwithstanding the possible view that the interests of his wife and sons vested by execution of the instrument.
The “ trust ” did not have a quasi-corporate form. The trust instrument did not provide for officers or directors, nor for a fixed capital stock. This “ trust ” certainly does not come Avithin the definition of “ association ” laid down by the Supreme Court in Burk-Waggoner Oil Assn. v. Hopkins, 269 U. S. 110. Cf. Guitar Trust Estate, 25 B. T. A. 1213. The principal quasi-corporate feature was the beneficial certificates, which as we have said, were never issued. The mere existence of powers in the trust instrument is not enough to bring a trust Avithin the statute, if those powers are allowed to remain dormant. Lansdowne Realty Trust v. Commissioner, 50 Fed (2d) 56. The Guitar case, supra, was a “ family trust,” for the benefit, as here, of a man, his wife and their children: Beneficial certificates were not issued and the trustees (including the father and two sons) were given very complete powers. We held it a trust. Cf. Blair v. Wilson Syndicate Trust, 39 Fed. (2d) 43.
But we do not think this point need be labored. The Holmes Bakery & Confectionery was not taxable as an association.
The petitioner in his brief contends for the first time that under section 219 (g) of the Revenue Acts of 1924 and 1926, and section 166 of the Revenue Act of 1928, the income from the trust was taxable to Holmes, the individual, because of the powers reserved by him in the trust instrument to control the trust, revest the corpus in *1234 himself and terminate the trust. On this theory he contends that not only is there no deficiency, but that there has been an overpayment for each year and asks judgment for such overpayments. Assuming without deciding that this is not an untimely attempt to raise a new issue, it does not require serious consideration, since the record does not show what payments in taxes have been made by the trust.
Reviewed by the Board.

Judgment will be entered wider Bule SO.

Smith, Van Fossan, and Goodeioh concur in the result.