W. C. TYRRELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN R. McGILL AND RUTH R. STEVES, EXECUTRICES OF THE ESTATE OF VINNIE T. RORICK, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTHER L. GARTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62026–62028.   Promulgated June 25, 1936.

*L. J. Benckenstein, Esq., Wm. J. Brown, Esq.,* and *Walter A. Bolinger, Esq.,* for the petitioners.

*Dean P. Kimball, Esq., Hunter B. Linton, Esq., Curtis Risley, Esq.,* and *R. B. Cannon, Esq.,* for the respondent.

**OPINION.**

SEAWELL:[1] The first issue we shall consider and determine is whether the W. C. Tyrrell Trust was, within the meaning of the Revenue Act of 1926, a joint stock company or an association taxable as a corporation. Section 2 (a) (2) of the Revenue Act of 1926 states: "The term 'corporation' includes associations, joint-stock companies and insurance companies."

It is frequently very difficult to determine whether a trust or other organization is taxable as a corporation. There are certain trusts

---

[1] This decision was prepared during Mr. Seawell's term of office.

which, in the sense of the revenue act, are clearly simply trusts, and others which are as clearly associations. Each case necessitates a construction of the particular trust and agreement involved therein. The line of demarcation between the different types of organizations is often so fine that it is almost indistinguishable.

In the instant proceedings, when all the facts and their proper relation to one another are carefully considered and given their true meaning and full weight, we think the W. C. Tyrrell Trust falls within that category determined by the Supreme Court of the United States to be an association taxable as a corporation. What is so well and ably said in some recent decisions of the Supreme Court as to when a trust is an association taxable as a corporation within the meaning of the Revenue Acts of 1926 and 1928 makes an extended discussion of the subject here unnecessary. See *Morrissey* v. *Commissioner*, 296 U. S. 344, affirming 74 Fed. (2d) 803; *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369, reversing 76 Fed. (2d) 191, and affirming memorandum decision of this Board; *Helvering* v. *Combs*, 296 U. S. 365, reversing 76 Fed. (2d) 682, which affirmed memorandum decision of this Board; *Swanson* v. *Commissioner*, 296 U. S. 362, affirming 76 Fed. (2d) 651, which affirmed memorandum decision of this Board; *Commissioner* v. *Vandergrift Realty & Investment Co.*, 82 Fed. (2d) 387; *Central Republic Bank & Trust Co., Trustee*, 34 B. T. A. 391. Notwithstanding the authorities cited as determinative of the issue now being considered, some discussion is deemed advisable and may make clearer and more convincing our determination.

In the instant proceedings the record shows that the trustee of the trust was empowered to buy and sell real and personal property and to operate farms, which he did for the interests of the trust. Income tax returns of the trust indicated, as our findings of fact show, that its business was investments, farming, and real estate. The evidence, in our opinion, does not indicate that the trust was a mere passive trust simply preserving and conserving valuable property, with no more than the necessary minimum business activity to do so. The fact that the certificate holders or beneficiaries did not exercise control is not determinative. *Hecht* v. *Malley*, 265 U. S. 144. What was said by the Supreme Court in *Helvering* v. *Combs, supra*, seems applicable and appropriate to be here repeated with respect to the parties forming the trust: "Entering into a joint undertaking they avoided the characteristic responsibilities of partners and secured advantages analogous to those which pertain to corporate organization. The fact that meetings were not held or that particular forms of corporate procedure were absent is not controlling. *Morrissey* v. *Commissioner, supra*."

Prior to any tax controversy the trust and the petitioners as members thereof considered it and represented it to the public and to the respondent (Commissioner) to be a joint stock company, its letterheads used throughout its existence so indicating. In view of our findings of fact, there is no occasion or necessity for repeating here the many acts and circumstances indicating the W. C. Tyrrell Trust was, as it and its members or organizers represented it to be, a joint stock company or association. In our opinion, and we so hold—as heretofore indicated—the W. C. Tyrrell Trust was in the sense of the Revenue Act of 1926 a joint stock company or association taxable as a corporation.

The next issue for our determination is whether the petitioners realized taxable gain upon liquidation of the W. C. Tyrrell Trust. Section 201 (c) of the Revenue Act of 1926 provides in part as follows:

Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock. * * * The gain or loss to the distributee resulting from such exchange shall be determined under section 202, but shall be recognized only to the extent provided in section 203.

We have seen that under section 2 (a) (2), *supra*, the term "corporation" includes associations and joint stock companies, and, in view of our determination that the W. C. Tyrrell Trust is an association or joint stock company taxable as a corporation, we think it logically follows that the certificate owners or shareholders would be taxable upon any gain realized by virtue of the distribution in complete liquidation of said trust, association, or joint stock company. We have heretofore determined a similar issue, in the case of *Pierce Oil Corporation*, 32 B. T. A. 403. We there decided that gain was realized by the stockholders of a joint stock company organized under the laws of Texas upon liquidation thereof.

This issue is controlled by the principles enunciated and applied in *Pierce Oil Corporation, supra*, wherein we said, in part:

It is of no moment that Pierce Fordyce was not a corporation but an unincorporated association, for the statute has expressly included it within the definition of corporation, and the statute is valid. *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110. It is thus to be treated as a corporation for all purposes of the revenue act, including that prescribing consolidated returns. *California Brewing Association*, 5 B. T. A. 347. This the petitioner recognized when it filed the original consolidated return. Its certificates of proportionate interest are treated as corporate shares. Petitioner would limit the influence of the *Burk-Waggoner* decision to considerations affecting the tax of the association, and urges that the association may not be treated as a corporation in determining the tax of the shareholder. But Congress intended no such exception. Section 201 (a) treats of distributions for the purpose of determining the tax not alone of the distributing corporation, but also of the receiving shareholder, and provides that the term dividend "means

(1) any distribution made by a corporation * * * to its shareholders *or members*", thus bringing within its intendment not only those who may be strictly called shareholders of a corporation, but also those who by reason of the form of their organization are designated "members." It is also said that Pierce Oil by acquiring the association certificates immediately became *pro tanto* the owner of the direct interest in the assets, the liquidation of which can not be called a realization of income. But this depends on whether for purposes of the revenue act the association is to be treated pluralistically. The *Burk-Waggoner* decision holds that it is not. And it matters not how Texas law treats it. *Burnet* v. *Harmel*, 287 U. S. 103; *Palmer* v. *Bender*, 287 U. S. 551. But even though Texas should for some purposes and in some circumstances apply partnership law to such an association, no one could say that the association is an "ordinary partnership" and it is only to such that the partnership provisions of the statute are applicable. *Burk-Waggoner Oil Association* v. *Hopkins*, s̨upra.

Cf. *Holmby Corporation* v. *Commissioner*, 83 Fed. (2d) 548, affirming 28 B. T. A. 1092.

After the distribution of assets or liquidation of the W. C. Tyrrell Trust its certificate holders or shareholders had something substantially different from what they had before. Before liquidation or distribution, they had no legal or equitable title to any particular assets. After liquidation or distribution of the trust assets they had legal and equitable title in particular assets. The distribution made of the assets of the trust among the certificate holders resulted in gain to them, so the respondent determined.

We have held that the W. C. Tyrrell Trust should be classed as an association or joint stock company taxable as a corporation and find no evidence sufficient to overthrow the presumption of the correctness of respondent's determination that the distribution or liquidation resulted in gain to each of the petitioners, and we therefore so hold. In our opinion, the position of W. C. Tyrrell, Jr., after the distribution in liquidation was practically the same as that of the other certificate holders with respect to the income tax law and these proceedings. In any event, W. C. Tyrrell, Jr., was in receipt of a distribution in liquidation just as much as the other shareholders. There was a merger of the legal and equitable estates in him of the remaining one-fourth of the trust property. He became the sole owner, sole trustee, and beneficiary of one-fourth of the trust assets and realized gain therefrom as did the other beneficiaries.

We are of the opinion and hold that each of the petitioners realized gain, taxable income, as the result of the transactions resulting in the distribution in liquidation of the assets of the W. C. Tyrrell Trust as heretofore described.

It was stipulated that in the event we should determine, as we now do, that the transactions heretofore described resulted in taxable income to each of the petitioners, the amount thereof is in each instance as particularly set forth in the stipulation. Computations

in recognition of the stipulation applicable to each case will accordingly be made.

Reviewed by the Board.

> *Decision in each case will be entered under Rule 50.*