OPINION. LeMere, Judge: The only question for our consideration is whether the petitioner is an association taxable as a corporation. The petitioner contends in its brief that it is not an association, but is a liquidating trust, “the primary and sole purpose of which is to liquidate the corpus at the proper time and to conserve it in the interim.” The petitioner further contends in its brief that the only business in which the trustees engaged was purely incidental to their main function of conserving the trust property until it was time to sell. The evidence of record falls far short of supporting these contentions. To the contrary, it shows that the grantor’s purpose in establishing the trust was to provide a means by which his five sons might continue to operate the business for their joint lives as a family enterprise. The grantor chose the trust form upon the advice of his attorney and as the best means of carrying out that purpose. There was no specific direction in the trust deed for liquidating or disposing of the business at any particular time. On the other hand, the trust deed provided that the grantees were to own, control, operate, and manage the properties and business until only one of the five of them survived. The business could be terminated and disposed of sooner by their unanimous consent. There is no evidence that the grantor had any intention whatever of providing for liquidation of the business as long as more than one of the grantees survived. Paul testified that it was always his idea to sell the business at an opportune time. Under the trust deed, however, he had no power to sell except with the consent of all the other grantees. The evidence permits of no other conclusion than that the petitioner was .intended to and did operate as a going business rather than as a liquidating trust. The purpose of the trust must be determined from the trust deed itself. Morrissey v. Commissioner, 296 U. S. 344; Helvering v. Coleman-Gilbert Associates, 296 U. S. 369. The Supreme Court said in the Morrissey case that: * * * In what are called “business trusts” the object is not to hold and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of a business and sharing its gains. * * * Certainly there is nothing in the trust deed to indicate that its purpose was to conserve the trusteed assets rather than to enable the trustees to carry on a regular business for profit. There is no question either but that the trustees acted together in carrying on the business for profit, as they were intended to do, thus giving the petitioner the essential characteristics of an association taxable as a corporation. In Marshall's Heirs v. Commissioner, 111 Fed. (2d) 935, the court said: Many of the indicia of the business trust as referred to by the Supreme Court in the Morrissey case, 296 U. S. at page 359, 56 S. Ct. 289, 80 L. Ed. 263, are present. The trustee holds the title to the property “embarked” in the enterprise. The trustee as a continuing trustee affords uninterrupted management of the property. Management is centralized in the trust and continuity remains uninterrupted except by the death of the last surviving beneficiary or the termination of the lease. The transfer of beneficial interests to minor children of the beneficiaries is contemplated. The liability of the trustee is limited expressly to the property in its hands. ******* The trustee possesses the broad powers necessary to carry on a business for profit. For example, with the consent of a majority in interest of the beneficiaries it may borrow money to construct a building upon the premises and sell at public or private sale the whole or any part of the real estate. It is our opinion that these powers transcend those of a trustee under a traditional trust. The broad powers conferred upon the trustee by the indenture were not exercised, but we think this to be immaterial. Such powers may be exercised by the trustee if necessary. We conclude that the trust is a business trust and the trustee is engaged on behalf of the beneficiaries in the handling of their real estate for profit. In short, the trustee is doing precisely that which the Marshall Land Company, a business corporation, did, and the beneficiaries associated themselves in the trust to that end. See also Solomon v. Commissioner, 89 Fed. (2d) 569; certiorari denied, 302 U. S. 692. Although in its organization the petitioner lacks some of the common characteristics of a corporation, it can not for that reason escape classification as an association. In determining this question the purpose and actual operations are of more importance than form. Commissioner v. Vandegrift Realty & Investment Co., 82 Fed. (2d) 387; Helvering v. Washburn, 99 Fed. (2d) 478. The petitioner is unlike an ordinary partnership in several important respects. In the first place, there was no intention on the part of any of the parties to form a partnership or to conduct a business as a partnership. The participants did not voluntarily join together, but were brought together as trustees and grantees under their father’s trust deed. They contributed their services, but no assets. The fact that petitioner may be classified as a partnership under the laws of the State of Ohio is not controlling as to its status for Federal income tax purposes. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110. We find no error in the respondent’s, determination that during the taxable years 1942, 1943, and 1944, the petitioner was an association taxable as a corporation. In the recomputation of petitioner’s tax liability for the years involved, compensation for the services of the trustees will be allowed in accordance with the stipulation. Decision will ~be entered, under Rule 50.