PRYOR AND LOCKHART DEVELOPMENT COMPANY, BY RALPH J. PRYOR, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38872, 45668, 51326. Promulgated September 29, 1932.

*Allen H. Gardner, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, for the respondent.

1056

OPINION.

SMITH: The principal issue is whether the petitioner is an association taxable as a corporation. If it is, there is an issue as to proper deductions for depreciation; if it is not, the parties have stipulated that there is no net income subject to income tax in the years before us and consequently no deficiencies.

The petitioner contends that its organization is merely a trust, with a single trustee, lacking the forms and methods of incorporated bodies—*indicia* necessary to characterize it as an association taxable as a corporation, citing *Myers, Long & Co.*, 14 B. T. A. 460; *Royal Syndicate*, 20 B. T. A. 255; *Jackson-Wermich Trust*, 24 B. T. A. 150. The respondent contends that the petitioner was organized for the purpose of carrying on a business enterprise, the activities of which were as extensive as its nature required, and is an association taxable as a corporation, citing *Little Four Oil & Gas Co.* v. *Lewellyn*, 35

Fed. (2d) 149, 150; certiorari denied, 280 U. S. 613; *White* v. *Horn-blower*, 27 Fed. (2d) 777; *United States* v. *Neal*, 28 Fed. (2d) 1022; certiorari denied, 278 U. S. 659; *Trust No. 5833, Security-First Nat. Bank of Los Angeles* v. *Welch*, 50 Fed. (2d) 613. In *Little Four Oil & Gas Co.* v. *Lewellyn*, *supra*, the Circuit Court of Appeals for the Third Circuit said:

\* \* \* The theory that the distinction between trusts of these classes and their consequent liability for taxes is based on the powers exercised by the shareholders—great or little—is no longer seriously regarded. The real test is whether the shareholders or trustees, or both combined, carry on business for profit, and, if they do, they constitute a business trust—in legal effect an association or a joint-stock company—with liability for taxes. \* \* \*

The court there concluded that the Little Four Oil & Gas Company was " an unincorporated association conducting a business for profit in quasi-corporate form, liable for taxes at the corporation rate." Thus, in that case, as in others cited by both parties, the presence or absence of " quasi-corporate " forms were factors considered in the determination of such controversies.

In *Jackson-Wermich Trust*, *supra*, we said:

·\* \* \* that the really significant tests for determining whether an alleged trust is to be treated as an association for tax purposes or not are [1] whether the certificate holders have voluntarily associated themselves together in " the general form and mode of procedure of a corporation " and [2] are organized to and in fact are engaged in the active conduct of a business for profit, or [3] whether the trustees are merely holding the property and collecting the income therefrom and distributing it to those beneficially interested. \* \* \*

The facts of record show that the partnership, not having funds sufficient to develop the Derbyshire lease, decided to invite some friends to contribute the necessary funds and share in the profits, leaving the operations exclusively in the hands of the single trustee. Admittedly, the trustee conducted the business for the purpose of making profits for the beneficiaries of the trust, but he engaged only in activities essential to the development and operation of the Derbyshire lease and the full utilization of the equipment acquired for that purpose; he conducted the affairs of the petitioner without a *quasi-corporate* organization. The partnership contributed the lease, the other individuals contributed the capital, and Pryor rendered the services. Thus, we have a situation involving a single trustee, independent of the beneficiaries, acting without corporate form, holding no meetings, and consulting no one except his partner, carrying on a business, which the respondent asserts is an association, which is " an unincorporated body of persons organized in the general form of a corporation and employing usual corporate methods in carrying on a business for profit." See *Lucas* v. *Extension Oil Co.*, 47 Fed. (2d) 65. *Murphy et al., Trustees*, 25 B. T. A. 724, 726;

*Hecht* v. *Malley*, 265 U. S. 144; *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110. Counsel for petitioner insists that its affairs were conducted " as though the venture was the partnership affair of Pryor & Lockhart," and as such should not be treated as an association taxable as a corporation, calling attention to the partnership relation in the *Myers, Long & Co.* case, *supra*.

In *Blum, Trustee*, 25 B. T. A. 119, a case involving a trust with a single trustee, we said that the respondent:

\* \* \* argues that the several beneficiaries and the trustees were engaged in the oil business, and, considered collectively, that the trust agreement tied them together in an association which gave corporate form and effect to their operation within the law. The same contention was raised in *Crocker* v. *Malley, supra*, respecting which the court said:

" \* \* \* We perceive no ground for grouping the two—beneficiaries and trustees—together, in order to turn them into an association by uniting their contrasted functions and powers, although they are in no proper sense associated. It seems to be an unnatural perversion of a well known institution of the law."

That contention is equally untenable in the instant proceedings.

The petitioner does not meet the tests set forth in *Jackson-Wermich Trust, supra* (see also *McGlone et al.*, 22 B. T. A. 358; *E. B. Galbreath*, 24 B. T. A. 1107), for an association taxable as a corporation, and we accordingly hold that the respondent erred in his determination. See also *Myers, Long & Co., supra; Extension Oil Co.*, 16 B. T. A. 1028; affd., 47 Fed. (2d) 65; *Royal Syndicate, supra; Murphy et al., Trustees, supra; Blum, Trustee, supra.* Cf. *Twin Bell Oil Syndicate*, 26 B. T. A. 172. Having decided that the petitioner is not an association taxable as a corporation, it is unnecessary to determine the applicability of section 704 (b) of the Revenue Act of 1928 (*E. B. Galbreath, supra*), or to discuss the secondary issues. Pursuant to the stipulation,

*Judgment will be entered under Rule 50.*

*Allen H. Gardner, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, and *W. H. Payne, Esq.*, for the respondent.