*375 OPINION.
Trammell :
The sole issue in this case is whether or not the petitioner is an association taxable as a corporation. If so taxable, it is agreed that the deficiency asserted by the respondent is correct; if not so taxable, there is no deficiency due.
The petitioner contends that it is a partnership or joint venture, and in support of such contention cites the statutes of Louisiana and the decisions of the supreme court of that state.
Assuming without deciding that under the laws of Louisiana the petitioner is a partnership, yet that fact is not controlling here. In Burk-Waggoner Oil Assn. v. Hopkins, 269 U.S. 110, it was held that an unincorporated association taking the form of a “ Massachusetts trust ”, while technically a partnership, not possessed of legal entity under Texas law, although permitted by the laws of that state to sue in its own name, was an “ association ” subject to the income and excess profits tax imposed by the Revenue Act of 1918. In the cited case, the association made the same contention that is urged upon us here, namely, that it was a partnership by state law, not subject to tax, and the Supreme Court disposed of that contention by saying:
It is true that Congress cannot convert into a corporation an organization which by the law of its state is deemed to be a partnership. But nothing in the Constitution precludes Congress from taxing as a corporation an association which, although unincorporated, transacts its business as if it were incorporated. The power of Congress so to tax associations is not affected by the fact that, under the law of a particular state, the association cannot hold title to property, or that its shareholders are individually liable for the association's debts, or that it is not recognizeij as a legal entity. Neither thq
*376 conception of unincorporated associations prevailing under the local law, nor the relation under that law of the association to its shareholders, nor their relation to each other and to outsiders, is of legal significance as bearing upon the power of Congress to determine how and at what rate the income of the joint enterprise shall be taxed.
For 1929, the year before ns, corporations were taxable at the rate specified in section 13 (a) of the Revenne Act of 1928, and section 701 (a) (2) of that act further provides that: “The term ‘ corporation ’ includes associations, joint-stock companies, and insurance companies.” Admittedly the petitioner is neither a joint-stock company nor an insurance company, and hence it is not taxable as a corporation unless it is an “ association ” within the meaning of the above quoted statute. Each of the Revenue Acts of 1918 to 1926, both inclusive, contains in section 1 of Title I substantially the same provision as section 701 (a) (2) of the 1928 Act, supra.
Neither party to this proceeding suggests that the petitioner is a trust and taxable as such, nor do we think the facts would support such a conclusion. It is either a nontaxable partnership or an association taxable as a corporation.
The stipulated facts herein show that certain individuals associated themselves together to “ develop for gas, oil and other minerals ” and to sell such as might be found, on certain lands described in the agreement, and that during the taxable year it was actively engaged in such undertaking. Thus, during the taxable year a group of persons associated together was engaged in a business enterprise for profit. Their interests were transferable. The business was carried on in many respects as if it had been incorporated. It had a president and general manager, and a treasurer; it had power and authority to sue and to be sued in its own name, to own property, and to make contractual obligations through its president and general manager, approved by the treasurer. The organization was to continue for a period of ten years or longer, but might be dissolved or liquidated at any time upon the vote of those owning 51 percent or more of the beneficial interests. While it was further provided that the owners of interests should share in the profits and losses in proportion to their respective interests, the liability of each Was limited to the extent of his interests. We think a business enterprise so organized and operated meets the test of an association taxable as a corporation. Burk-Waggoner Oil Assn. v. Hopkins, supra; Little Four Oil & Gas Co., 35 Fed. (2d) 149; Pryor & Lockhart Development Co., 26 B.T.A. 1054; Twin Bell Oil Syndicate, 26 B.T.A,. 172.
Even if the enterprise did meet the tests of a partnership under local law, it may still be taxed as if it were a corporation, when it is organized and operated as shown by the facts here. See Burk-Waggoner Oil Assn. v. Hopkins, supra.
*377 The burden is upon the petitioner here to show that the respondent erred in determining that it is a taxable association. On the record presented, it is our. opinion that the petitioner has failed in this respect, and the respondent’s determination is, therefore, approved.

Judgment will be entered for the respondent.