THEODORE W. CASE AND JOHN TABER, TRUSTEES, ITEM IV. U/W OF
WILLARD E. CASE (DECEASED) BENEFIT OF DOROTHY CASE
WHITEHOUSE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

Docket Nos. 49394, 57601.    Promulgated September 28, 1932.

*John Taber, Esq.*, for the petitioners.
*James K. Polk, Esq.*, for the respondent.

## 1046

SMITH: There is no dispute as to the amounts to be used as the original cost or basis for the shares of stock involved in these proceedings at the time the stocks were placed in trust. The petitioners contend that the distribution of the stock dividends to the life beneficiary did not affect the basis and that such distributed stock should be ignored in computing the profit realized by the petitioners upon the sales in question, since under New York law the " stock dividends which represent earnings of the corporation subsequent to the creation of the trust are the property of the life tenant, while those that were earned prior to the creation of the trust are the property of the corpus of the trust fund," citing decisions of the New York courts, and arguing that this Board is bound thereby.

While the property rights of individuals within the jurisdiction of the State of New York are determined by its laws, such laws " are not ultimately decisive in Federal income-tax matters." *Phelps* v. *Commissioner*, 54 Fed. (2d) 289, 292. See also *Burk-Waggoner Oil Ass'n* v. *Hopkins*, 269 U. S. 110; *Rosenberger* v. *McCaughn*, 25 Fed. (2d) 699; *California Iron Yards Co.* v. *Commissioner*, 47 Fed. (2d) 514; *Edward D. Untermyer*, 24 B. T. A. 906; affd., 59 Fed. (2d) 1004.

The stock dividends were numerical readjustments of evidences of the same ownership of the petitioners' interest in the corporations which the old shares indicated immediately before the declaration of the stock dividends. See *Eisner* v. *Macomber*, 252 U. S. 189. The stock dividends effected a dilution of the shares outstanding. *George T. Smith*, 21 B. T. A. 782. Thereafter the cost basis per share was proportionately reduced, and subsequent dispositions of the stock reduced the petitioners' capital interest in the corporations. To illustrate—the petitioners originally held 217 shares of the American Gas & Electric Company stock, the basis upon which to determine gain or loss is agreed at $15,100.16; stock dividends in 1920 and 1922 increased the number of shares to 288, which then had a basis of $15,100.16, or $52.43 per share. The petitioners delivered 71 of these shares to Mrs. Whitehouse, thereby reducing the capital interest of the trust by the basis allocable to the 71 shares, or $3,722.53, and thereafter its capital interest was represented by 217 shares having a basis of $11,377.63, or $52.43 per share. The 1923 exchange of one share of old stock for five shares of new stock did not reduce the total basis for the petitioners' capital interest in the corporation, but did reduce the per share basis to $10.49 for the 1,085 shares then held. Subsequent stock dividends increased the number of shares held to 1,821 and proportionately decreased the per share basis to $6.25. The delivery to Mrs. Whitehouse of 669 of the shares held in 1926 reduced

the basis of the total capital interest of the trust by the amount of the basis allocable to the 669 shares, or $4,181.25, and thereafter that capital interest had a basis of $7,196.38, represented by 1,152 shares of stock with a per share basis of $6.25. The delivery in 1927 of 44 shares of this stock further reduced the basis of the petitioners' capital interest to $6,921.38, which was then represented by 1,108 shares of stock. The total basis was not affected by the 1927 stock dividend of 517 shares, which increased the number of the petitioners' shares to 1,625, but the per share basis was reduced to $4.26. The petitioner thereafter sold 800 shares, which had a basis of $4.26 per share, or a total basis of $3,408, for $77,193. The realized profit is manifestly the difference between these two sums. The respondent has computed the profits upon the several sales in like manner and his determinations are sustained. See *Miles* v. *Safe Deposit & Trust Co.*, 259 U. S. 247; *Frederick Ayer*, 6 B. T. A. 152; *Edward Stephen Harkness*, 21 B. T. A. 1068.

*Judgment will be entered for the respondent.*