*555
OPINION.

Makquette :
The sole question presented is whether the respondent has erred in determining that the petitioner was taxable as an association. Sec. 2 (a) (2), of Revenue Acts of 1924 and 1926. It returned its income as that of a trust the income of which was to be accumulated and therefore taxable to the fiduciary. Sec. 219, Revenue Acts of 1924 and 1926. It insists that its returns were proper, or, in the alternative, that its members were taxable as partners. It further asserts that, having filed its return for 1924 as a trust, under section 704 of the Revenue Act of 1928, it is taxable as such.
The organization created by the agreement of April 28, 1922, was not imposed on the members by any third person, but was the result of their voluntary action. Blair v. Wilson Syndicate Trust, 39 Fed. (2d) 43. As shown by the terms of the agreement and by the petitioner’s actions, it appears that the parties associated themselves together for the purpose of purchasing land contracts and realizing on them by collection, or, if that was not possible, by foreclosure or repossession. The contracts were payable in installments which the petitioner collected as they fell due. These activities were not confined to isolated transactions. New investments were being made out of fresh contributions by the members and out of payments received on the contracts. Its aim was not liquidation, but acquisition. These repeated transactions, all entered into for gain, constituted doing business as that term is defined in Flint v. Stone Tracy Co., 220 U.S. 107. A-C Investment Assn., 24 B.T.A. 582. The fact that organizations operating under trustees were doing business has been especially stressed by the courts anf by the Board in determining whether they were associations. Ittleson v. Anderson, 2 Fed. Sup. 716, and cases cited.
At the organization of the petitioner the members were careful to retain full control over the funds and the trustee. This control was retained in paragraphs 6, 8, 10, 11, and 13 of the agreement. The fact that these powers were not exercised is immaterial. Such is the case in many corporations.
Petitioner’s counsel attempts to differentiate this organization from those which have been held to be associations on two grounds— first, that no dividends could have been or were paid, and, second, there were no certificates of stock. With respect to the first contention, it is only necessary to point out that this was the result of a voluntary agreement which could be altered in this or any other respect whenever a majority of the members so desired. The decisions in Sears, Roebuck & Co. Employees Savings, etc. v. Commissioner, 45 Fed. (2d) 506, and in A-C Investment Assn., supra, afford a negative answer to the second contention.
*556 It is cl'ear that the members did not contemplate the formation of a partnership, nor did they consider themselves partners. Cf. Commissioner v. Olds, 60 Fed. (2d) 252. So far as we are informed, none made a partnership return. The petitioner’s organization has little similarity to those “ ordinary partnerships ” the members of which are taxable as partners under the revenue acts. The local law does not control in these cases. Burk-Waggoner Oil Assn. v. Hopkins, 269 U.S. 110. Thus a Massachusetts trust, which the petitioner closely resembles, is held by the Massachusetts courts to be a partnership in those instances where, as here, the members retain control over the trustees, but such an organization is an association within the meaning of the revenue acts. Hecht v. Malley, 265 U.S. 144. We find no merit in this contention.
We conclude that the petitioner was taxable as an association.
Section 704 of the Revenue Act of 1928 is not applicable: first, for the reason that the Commissioner’s regulations and rulings prior to the decision in Hecht v. Malley, supra, as well as subsequent thereto, were to the effect that organizations similar to the petitioner were taxable as associations in those cases where the members could control the trustees (E. A. Landreth Co., 15 B.T.A. 655), and, second, because the rulings and regulations referred to in section 704 (none of which was applicable to a case like this) were altered prior to the date on which the petitioner filed its return for 1924. Mary L. Dutton et al., Trustees, 18 B.T.A. 1151; C. W. Cowell Co., 21 B.T.A. 1274.

Judgment mil he entered for the respondent.